Arnaldo N. CAVAZOS, Jr., and Charles B. Hendricks, Plaintiffs–Appellants,

v.

Wayne T. SIMMONS and Maris Josefa Simmons, Defendants.

Arnaldo N. CAVAZOS, Jr., and Charles B. Hendricks, Plaintiffs–Appellants,

v.

T.J. POWER & CO., Defendant.

Arnaldo N. CAVAZOS, Jr., and Charles B. Hendricks, Plaintiffs–Appellants,

v.

AUVIDCO, INC., Defendant.

Arnaldo N. CAVAZOS, Jr., and Charles B. Hendricks, Plaintiffs–Appellants,

v.

Ralph B. and Rita JACOT, Defendants.

Civ. A. Nos. CA3–88–0256–D to CA3–88–0259–D.

Bankruptcy Nos. 386–34423–RCM–7, 386–33778–RCM–7, 383–00407–RCM–7 and 387–31614–RCM–7.

United States District Court, N.D. Texas, Dallas Division.

Aug. 15, 1988.

---

Glenn Sodd and Ron Edmondson of Dawson & Sodd, Corsicana, Tex., and Bradley J.B. Toben of Baylor Law School, Waco, Tex., for plaintiffs-appellants.

FITZWATER, District Judge.

These consolidated appeals present the question whether the limit on reasonable compensation for a trustee's services prescribed by 11 U.S.C. § 326(a) applies to a paraprofessional employed by the trustee. Because the court concludes that § 326(a) governs only the trustee's services and not those of a paraprofessional, the court vacates the appealed orders and remands these cases for further proceedings in accordance with this opinion.

## I.

Plaintiffs-appellants, Arnaldo N. Cavazos, Jr. and Charles B. Hendricks,[1] are two chapter 7 trustees appointed by the United States trustee. They appeal four of 35 bankruptcy court orders that deny in part their requests for compensation for a legal assistant whom they employ on a contract basis [2] to "perform paralegal, bookkeeping, and other nonprofessional functions" for various estates.

Appellants applied to the bankruptcy court for *nunc pro tunc* leave to employ legal assistants after questions arose in another district concerning the use of paraprofessionals. Appellants had not earlier sought bankruptcy court approval to employ a legal assistant because they had assumed such approval was required only to employ a "professional person." The trustees also asked the bankruptcy court to award certain fees to the legal assistant and to authorize the interim payment of

---

1. There are no appellees.

2. The trustees do not also individually employ the legal assistant although they do absorb certain of his overhead costs. The legal assistant performs services for a particular estate and bills the estate for such services.

such fee awards, subject to any objections on final hearing of the case.

Following an evidentiary hearing, the bankruptcy court held *inter alia* that a legal assistant is a "professional person" within the meaning of 11 U.S.C. § 327, that court approval is required in order for the trustee to employ such a person, and that *nunc pro tunc* authorization to employ the legal assistant was appropriate under the facts presented. The court also concluded that legal assistants cannot be compensated from the bankruptcy estate, but can be paid by the trustee, at his own expense, "for performing delegated trustee's duties." The court also ruled that the compensation paid to the trustee as his commission, together with the amount of compensation paid to the legal assistant who performs the trustee's duties, cannot in the aggregate exceed the statutory limit for the trustee's compensation prescribed by § 326(a). The court reviewed the legal assistant fee applications and held that 80% of the services rendered were not compensable because they were devoted to trustee duties. The court did not limit its ruling to contract paralegals. It determined also that, while a trustee need not obtain court approval to employ a legal assistant-employee of his law firm to perform trustee duties, the trustee cannot charge the estate for such services.

The trustees moved for reconsideration, supported by *amicus curiae* briefs filed by the United States trustee and a law firm. The bankruptcy court conducted another evidentiary hearing and received further briefs, following which it vacated its prior opinion and orders and issued an amended opinion and orders.

In the amended opinion the bankruptcy court held that the determination how a paraprofessional should be compensated depends upon whether the person is providing "support-type services" to aid the trustee in his duties or is "acting in direct service to the estate" in place of the trustee. The court thus adhered to the earlier distinction it had drawn between paraprofessional services that carry out a function which "the trustee lacks the expertise to perform himself" and services "which aid and facilitate the trustee's ability to provide services to the estate." The differences in the services performed will regulate whether the paraprofessional is compensated directly from the estate, as part of the trustee's fee, as an expense to the trustee, or not all.[3]

The bankruptcy court reasoned that one who performs a service that the trustee lacks expertise to perform may be employed with court approval and compensated as a "professional" pursuant to § 330(a)(1). In such instances, the court must determine at the time of the paraprofessional's appointment the particular need for the services, and the paraprofessional's fee is awarded from the estate, in addition to the trustee's fee.

The bankruptcy court also held that paraprofessionals may be employed by a trustee without court approval and be compensated under § 330(a)(1) or (a)(2). If compensated under § 330(a)(1), the fee for the trustee's own services generally will be reduced so that the aggregate fee for paraprofessional and trustee services does not exceed the statutory maximum prescribed by § 326(a). If compensated under § 330(a)(2), the services must qualify as a reasonable and necessary "expense." Whether an expense is reasonable and necessary shall be determined on a case-by-case basis, and expenses shall be scrutinized in relation to type, size, and complexity of the case for which the services are being performed. If the expense is found to meet the "reasonable and necessary" standard, it is compensated in addition to the trustee's fee for his own services and is not subject to the § 326(a) cap.

---

**3.** With respect to paraprofessionals employed by the trustee's law firm when the law firm acts as counsel to the trustee, the bankruptcy court held that the compensability of their services "depends on the nature of the service provided and its benefit to the estate rather than the precise title which the person holds."

From this amended opinion and from four orders entered pursuant thereto that deny portions of the paraprofessional compensation that appellants request, appellants bring these appeals.[4]

## II.

These appeals present a question of statutory interpretation and so the court begins with the language of the applicable Bankruptcy Code provisions themselves. *See Cyrak v. Poynor*, 80 B.R. 75, 79 (N.D. Tex.1987) (citing *Cimmaron Oil Co., Inc. v. Cameron Consultants, Inc.*, 71 B.R. 1005, 1009 (N.D.Tex.1987) (starting point in statutory construction is language of statute)).[5]

## A.

## –1–

11 U.S.C. § 330(a)(1)[6] provides that, after notice and hearing,[7] the court may award to a trustee reasonable compensation for actual, necessary services rendered by any paraprofessional person employed by the trustee. The compensation so awarded is to be based upon the nature, extent, and value of the services, the time spent on the services, and the cost of comparable services other than in a case under title 11.[8] *Id.* § 330(a)(1). Section 330(a)(2)[9] permits the bankruptcy court to award a trustee reimbursement for actual, necessary expenses.

Section 330(a) also provides that it is "subject to" sections 326,[10] 328,[11] and 329[12]

---

**4.** Appellants contend they are appealing final judgments and have thus properly invoked this court's jurisdiction. *See* 28 U.S.C. § 158(a). Alternatively, they seek leave to appeal interlocutory orders. Assuming, without deciding, that the orders appealed from are not "final," the court grants appellants leave to appeal. *See id.* and Fed.R.Bankr.P. 8003.

**5.** Moreover, because the question presented is one of law, the court does not defer to the bankruptcy court under the clearly erroneous standard but decides the matter *de novo. See In re Ambassador Park Hotel, Ltd.*, 61 B.R. 792, 798–99 (N.D.Tex.1986).

**6.** 11 U.S.C. § 330(a):

After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1103 of this title, or to the debtor's attorney—

(1) reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be, based on the nature, the extent, and the value of such services, the time spent on such services and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

**7.** A hearing is not necessary, however, in every instance. 11 U.S.C. § 102(1)(B); *see* 2 Collier on Bankruptcy ¶ 330.03[2] (15th ed. 1986) (phrase "after notice and a hearing" merely means "after such notice as is appropriate in the particular circumstances and does not mean there will be a hearing in the absence of a request therefor").

**8.** The statutory language is "other than in a case under this title," which means "in nonbankruptcy cases." *See* S.Rep. No. 989, 95th Cong., 2d Sess. 40, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5826; *see also* H.R.Rep. No. 595, 95th Cong., 1st Sess. 330, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5963, 6286 ("the cost of comparable services other than in a case under the bankruptcy code").

**9.** *See supra* note 6.

**10.** 11 U.S.C. § 326:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

(b) In a case under chapter 12 or 13 of this title, the court may not allow compensation for services or reimbursement of expenses of the United States trustee or of a standing trustee appointed under section 586(b) of title 28, but may allow reasonable compensation under section 330 of this title of a trustee appointed under section 1202(a) or 1302(a) of this title for the trustee's services, payable after the trustee renders such services, not to exceed five percent upon all payments under the plan.

(c) If more than one person serves as trustee in the case, the aggregate compensation of such persons for such service may not exceed the maximum compensation prescribed for a single trustee by subsection (a) or (b) of this section, as the case may be.

(d) The court may deny allowance of compensation for services or reimbursement of

of title 11. Section 326 prescribes the maximum reasonable compensation that the bankruptcy court may allow "the trustee for the trustee's services." The limit varies according to the size of the estate.

■ The bankruptcy court interpreted the proviso of § 330(a) that the section is "subject to" § 326 to command not only that the trustee's fee for his own services not exceed the maximum but also that the paraprofessional's fee, together with the trustee's fee, not do so. Under the bankruptcy court's construction, if the paraprofessional's reasonable fee were alone equal to the maximum, the trustee could receive no compensation for his own services.

Having so construed § 330(a), the court then sought to determine if the Code would otherwise permit paraprofessionals employed by trustees, and trustees themselves, to be compensated in excess of the § 326(a) limit. As noted, the bankruptcy court distinguished among court-approved paraprofessional services that qualified as "professional" services, non-approved paraprofessional services that qualified as "expenses," [13] and non-approved paraprofessional services. The court held "professional" services and services that qualified as "expenses" to be generally compensable in addition to the trustee's own fee. The court concluded that other services were

expenses of the trustee if the trustee failed to make diligent inquiry into facts that would permit denial of allowance under section 328(c) of this title or, with knowledge of such facts, employed a professional person under section 327 of this title.

11. 11 U.S.C. § 328:

(a) The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional personal under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis. Notwithstanding such terms and conditions, the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions.

(b) If the court has authorized a trustee to serve as an attorney or accountant for the estate under section 327(d) of this title, the court may allow compensation for the trustee's services as such attorney or accountant only to the extent that the trustee performed services as attorney or accountant for the estate and not for performance of any of the trustee's duties that are generally performed by a trustee without the assistance of an attorney or accountant for the estate.

(c) Except as provided in section 327(c), 327(e), or 1107(b) of this title, the court may deny allowance of compensation for services and reimbursement of expenses of a professional person employed under section 327 or 1103 of this title if, at any time during such professional person's employment under section 327 or 1103 of this title, such professional person is not a disinterested person, or represents or holds an interest adverse to the inter-

est of the estate with respect to the matter on which such professional person is employed.

12. 11 U.S.C. § 329:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to—

(1) the estate, if the property transferred—

(A) would have been property of the estate; or

(B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

(2) the entity that made such payment.

13. The bankruptcy court held that such expenses must be reasonable and necessary, as determined on a case-by-case basis. The bankruptcy court opinion provides that the court will evaluate the type, size, and complexity of the case, as well as whether expenses claimed are in the nature of law or business office "overhead." The court will exclude costs that do not vary as a result of a particular case or time charges that arise from the trustee's act of delegating his own duties to other persons (including intraoffice conferences). The costs of secretarial services may be excludable if higher than the cost of hiring a secretary on a "per project" basis. The cost of managing an ongoing entity, however, may constitute a reasonable and necessary expense.

compensable but could not, together with the trustee's own fee, exceed the § 326(a) maximum.

This court concludes that the bankruptcy court erred in its interpretation of §§ 326(a) and 330(a). While § 330(a) is subject to § 326, it is only governed to the extent of the express proscription of § 326 and not otherwise. Section 326(a) places a limit on the compensation that the bankruptcy court may award under § 330 "for the trustee's services." The section does not purport to cap the compensation of a paraprofessional employed by a trustee. Section 330(a)(1) treats the services of a paraprofessional separately from the services of a trustee. The Code provision permits the court to award reasonable compensation both for services "rendered by [the] trustee" and services rendered "by any paraprofessional persons employed by such trustee." Section 326(a)'s limitation on compensation thus applies literally only to "the trustee for the trustee's services," and § 330(a)(1) instructs that the services are treated as a separate compensable item from the services of a paraprofessional.

 Had Congress intended to limit the compensation paid to a trustee for paraprofessional services, it could have expressly provided in § 326(a) that the cap applies not only to the trustee "for the trustee's services" but also to "services performed by a paraprofessional employed by a trustee." That Congress did not do so reveals its intent not to limit paraprofessional fees except in accordance with the standards of § 330(a)(1).[14]

–2–

Where, as here, the terms of a statute are unambiguous, judicial inquiry is complete except in rare and exceptional circumstances. *United States v. James*, 478 U.S. 597, 106 S.Ct. 3116, 3122, 92 L.Ed.2d 483 (1986) (citing *Rubin v. United States*, 449 U.S. 424, 430, 101 S.Ct. 698, 701–02, 66 L.Ed.2d 633 (1981)). "Legislative history can be a legitimate guide to a statutory purpose obscured by ambiguity, but 'in the absence of a "clearly expressed legislative intention to the contrary," the language of the statute itself "must ordinarily be regarded as conclusive." ' " *Burlington Northern Railroad Co. v. Oklahoma Tax Commission*, 481 U.S. 454, 107 S.Ct. 1855, 1860, 95 L.Ed.2d 404 (1987) (quoting *James*, 106 S.Ct. at 3122, and *Consumer Product Safety Comm'n v. GTE Sylvania, Inc.*, 447 U.S. 102, 108, 100 S.Ct. 2051, 2056, 64 L.Ed.2d 766 (1980)). The court finds no clearly established contrary intent in the legislative history.

With respect to § 326, both the Senate and House Committee Reports state that this Code provision "simply fixes the maximum compensation of a trustee." S.Rep. No. 989, 95th Cong., 2d Sess. 37, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5823; H.R.Rep. No. 595, 95th Cong., 1st Sess. 327, *reprinted in* 1978 U.S. Code Cong. & Ad.News 5963, 6283. Although the Reports do not plainly restrict the § 326(a) ceiling only to services performed by the trustee, as the court interprets § 326 today, they likewise express no intent to apply the limit other than to "compensation of a trustee."

The legislative history of § 330 provides arguably divergent intentions between the House and Senate committees for allowing the bankruptcy court to compensate paraprofessionals from estate funds. Neither Report, however, manifests an intent that

---

14. The court disagrees that a paraprofessional's services must qualify as court-authorized professional services if the trustee is to be compensated for such services without regard to the § 326(a) cap. The Code treats professional and paraprofessional persons separately. The services of a professional must be court-authorized and the services are professional in nature. The services of a paraprofessional need not be court-authorized (only the compensation is subject to judicial scrutiny) and the services are not professional in nature. To hold that a paraprofessional must (or even may) be compensated as a professional is to misconstrue both §§ 330(a)(1) and 327(a).

The court also disagrees that, aside from § 330(a)(1), trustees may be compensated for paraprofessional services under the guise that the services are reimbursable § 330(a)(2) "expenses." Congress provides in § 330(a)(1) that paraprofessional services be *compensated* and in § 330(a)(2) that expenses be *reimbursed. See also* § 326(d) (differentiating between "compensation for services" and "reimbursement of expenses").

paraprofessional services be subject to the § 326(a) cap.

The House Report appears to focus upon "compensation of paraprofessionals employed by professional persons employed by the estate of the debtor," H.R.Rep. No. 595, 95th Cong., 1st Sess. 330, *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6286, and, unlike § 330(a)(1) itself, does not mention paraprofessionals employed by a trustee. The Report discloses the Committee's intent that § 330(a)(1) "reduce the cost of administering bankruptcy cases," *id.*, but discusses only the use of paraprofessionals by attorneys who have been retained to represent the estate, *id.*, stating that the Code section "is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorneys involved." *Id.* Although the language of the Report is literally applicable only to attorneys, the concept is consonant with encouraging trustees to use paraprofessional services and compensating them for their use.

The Senate Report, on the other hand, is less restrictive in intent:

Subsection (a) provides for compensation of paraprofessionals in order to reduce the cost of administering bankruptcy cases. Paraprofessionals can be employed to perform duties which do not require the full range of skills of a qualified professional. Some courts have not hesitated to recognize paraprofessional services as compensable under existing law. An explicit provision to that effect is useful and constructive.

S.Rep. No. 989, 95th Cong., 2d Sess. 41, *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5827.

### B.

■ Appellants also challenge the bankruptcy court's conclusion that the reasonableness of paraprofessional compensation may be measured not only by the standards set forth in § 330(a)(1) but also by other yardsticks, such as whether the services are professional in nature, whether the trustee is himself capable of performing the services, the size of the estate, whether the services properly are trustee "overhead," and whether the services are "secretarial" in nature.

The court agrees with appellants that the bankruptcy court may only apply the § 330(a)(1) standards in awarding a trustee compensation for the services of a paraprofessional. This is not to hold, however, that considerations such as those that appellants assail may not be taken into account in applying the standards. The bankruptcy court has wide latitude to set reasonable compensation within the strictures of § 330(a)(1). On appropriate facts, the bankruptcy court is empowered in its discretion to reduce or deny altogether paraprofessional fees that are unnecessary or valueless. § 330(a)(1). While the bankruptcy court may not adopt a uniform policy that paraprofessionals will not be compensated for services that the trustee can perform, that are not professional in nature, that are rendered on behalf of a small estate, or that are in the nature of "overhead" or "secretarial," these factors may appropriately inform the bankruptcy court whether the services are necessary and have value.[15]

### III.

To summarize, the court holds today that compensation awarded pursuant to § 330(a)(1) to a chapter 7 trustee for the trustee's services is subject to the maximum limits of § 326(a), but compensation awarded to a trustee for the services of a paraprofessional employed[16] by a trustee

---

15. On the basis of these and other factors, including whether a paraprofessional has devoted such extensive services to an estate that the trustee has not reasonably earned the maximum permissible fee for his own services, the bankruptcy court may also adjust the trustee's fee.

16. "Employed," as used in § 330(a)(1), has the same meaning as the term "employ" in § 327(a). *See* 2A N. Singer, Sutherland Statutory Construction § 46.05 (C. Sands 4th ed. 1984) (each part or section of a statute should be construed with every other part or section so as to produce harmonious whole). Section 330(a)(1) does not

is subject only to the standards for compensation prescribed by § 330(a)(1). "Actual, necessary expenses" that are reimbursable to a trustee by authority of § 330(a)(2) do not include compensation for paraprofessional services. Paraprofessionals need not perform professional services in order for the trustee to be compensated for the paraprofessional's services.

The orders appealed from are VACATED and these consolidated cases are RE-MANDED for further proceedings in accordance with this opinion.

VACATED and REMANDED.

refer only to paraprofessionals who have entered into an employer-employee relationship with the trustee, but includes also paraprofessionals paid on a contract, per job, or fee-for-service basis.