**In re LANIER SPA, INC., Debtor.**

**Bankruptcy No. 83–00025.**

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

April 4, 1989.

Paul W. Bonapfel, Lamberth Bonapfel, Cifelli & Willson, Atlanta, Ga., Trustee.

## ORDER

MARGARET H. MURPHY,
Bankruptcy Judge.

This matter is before the court on Trustee's final report, application for compensation of Trustee and application for compensation of Trustee's attorney filed June 20, 1988. Hearing was held September 8, 1988. An amended and supplemental final report and application for compensation of Trustee's attorney were filed October 17, 1988. Trustee also filed a memorandum of law in support of the application for compensation of Trustee's attorney October 17, 1988. Notice of the amended and supplemental report and application was mailed February 24, 1989.

The application for compensation of Trustee's attorney includes entries for services performed by Trustee and by paralegals which are Trustee services. The Trustee argues Trustee's law firm should be compensated for Trustee services performed by its paralegals. The Trustee argues that the routine duties of the Trustee are delegable to a paralegal and that the services of the paralegal should be separately compensable and not limited by § 326.

The Trustee cites two cases in support of this position. The case of *In re Perez Hernandez*, 73 B.R. 329 (Bankr.D.Puerto Rico 1987) indicates but does not hold that the Trustee could receive reimbursement of secretarial expenses under § 330(a)(2). Many courts, including this one, however, hold secretarial services to be overhead and not compensable as professional services or expenses.

In the case of *Cavazos v. Simmons*, 90 B.R. 234 (N.D.Tex.1988), the district court reversed the bankruptcy court and held compensation of a paraprofessional is not limited by § 326. The *Cavazos* court finds a paraprofessional may be compensated separately and in addition to the maximum fees provided in § 326. Additionally, the *Cavazos* court holds that compensation for paraprofessionals is not a reimbursable expense pursuant to § 330(a)(2).

This court respectfully disagrees with the holding of the *Cavazos* court. The holding in that case seems to rely on the interpretation of the term "trustee's services" contained in § 326. The *Cavazos* court finds that "trustee's services" refers only to the individual who is the trustee. Such a narrow interpretation of § 326 frustrates what this court sees as Congressional intent to limit compensation for services rendered to administer the estate, especially when read in conjunction with § 330(a).

Section 330(a) provides a list of the persons who may be awarded compensation by the court. Those persons are: a trustee, an examiner, a professional person employed under section 327 or 1103, or the debtor's attorney. The list is apparently exclusive. Section 330(a)(1) provides the compensation must be reasonable and must be for actual, necessary services rendered by the persons listed in § 330(a) "and by any paraprofessional persons employed by such trustee, professional person, or attorney[.]" The intent of this provision for paraprofessionals with respect to attorneys is clearly set forth by the Congressional comments. The purpose was to reduce the cost of administering bankruptcy cases by allowing compensation of paraprofessionals separately rather than as overhead, thus,

encouraging attorneys to use paraprofessionals at a lower cost to the estate. S.Rep. No. 95–989, 95th Cong., 2d Sess 40–41 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5825–5827. With respect to a paralegal who performs services for the trustee, the same rationale would apply except, with the limitation of § 326(a): reasonable compensation of the trustee for the trustee's services not to exceed the statutory maximums. Encouraging the Trustee to utilize paralegals to perform lesser duties, at a lower hourly rate, give the Trustee incentive to use a paraprofessional where possible to maximize the value of the Trustee's time.

Additionally, to allow separate compensation for trustee duties performed by a paralegal while not allowing separate compensation for trustee duties performed by the Trustee's attorney is inconsistent. *See, In re McKenna*, 93 B.R. 238 (Bankr.E.D.Cal. 1988). The *McKenna* case provides that services performed by the Trustee's attorney which are, in fact, Trustee duties are not compensable as professional services. The court found the services performed by both the Trustee and another attorney in the Trustee's law firm were Trustee duties and compensable and limited by the provisions of § 326. As stated in *McKenna*, the employment of professionals should not be a means of increasing, beyond the statutory maximum, the amount of fees a trustee can collect. The same is no less true for paraprofessionals.

Congress obviously intended to limit compensation to a trustee. Allowing compensation separately to a paralegal for performance of trustee duties would effectively circumvent that limitation and enable an unscrupulous trustee to gouge the estate. The removal of the § 326 limitation would encourage inefficiency and provision of duplicative services. Including paralegals within the limitations of § 326 does not deny the trustee compensation for the services of the paralegal as long as the total compensation for performance of trustee duties does not exceed the statutory maxi-

mums.[1]

■ Therefore, separate compensation of paralegals utilized by the Trustee to perform Trustee duties will not be allowed. Additionally, compensation for performance by a paralegal of ministerial functions such as "processing" and "mailing" documents will not be allowed. Compensation for non-legal services not allowed. *American Benefit Life Insurance Co. v. Baddock, (In re First Colonial Corp.)*, 544 F.2d 1291 (5th Cir.1977).[2] Accordingly, 3.2 hours billed at $125.00 per hour[3] and 27.1 hours billed at $40.00 per hour[4] are disallowed.

The remainder of the services sought to be compensated will be evaluated pursuant to the principles set forth in *Norman v. Housing Authority of City of Montgomery*, 836 F.2d 1292 (11th Cir.1988). The initial consideration in calculating the lodestar is that of a reasonable hourly rate. Based on this court's knowledge of prevailing market rates and an evaluation of the skill of the attorneys, the hourly rates charged by Trustee's attorneys are reasonable.

■ The other consideration in calculating the lodestar is hours reasonably expended. The time summary contained in the Application suffers from the defect commonly referred to as "lumping," e.g. all the tasks performed by each attorney are lumped together for each day. When such lumping makes it impossible for the court to allocate time to each activity or to each attorney, the court may disallow all the hours which were lumped together. *In re Seneca Oil Co.*, 65 B.R. 902 (Bankr.W.D.

Okla.1986). In the instant case, however, the lumping is not so egregious as to prevent the court from determining if the number of hours spent on specific activities were reasonable.

In conclusion, the court finds the hourly rates charged by Trustee's attorneys in the instant case are reasonable. The court further finds the hours reasonably expended to be 86. No factors are present in this case which require reduction or enhancement of the lodestar. Therefore, the attorney for Trustee is entitled to compensation in the amount of $8,434.00. Accordingly, it is hereby

ORDERED that the attorney for Trustee be allowed compensation from Debtor's estate in the amount of $8,434.00. Reimbursement for expenses in the amount of $282.01 is allowed. It is

FURTHER ORDERED that the Trustee's final report and accounting is approved and confirmed and that Trustee receive compensation in the amount of the statutory fee plus reimbursement of expenses in the amount of $79.60. It is

FURTHER ORDERED that Trustee shall make a distribution to creditors, file a report and thereafter will be authorized to abandon the books and records of Debtor's estate.

IT IS SO ORDERED.

---

1. Legislative history indicates Congressional intent was that § 326 does not authorize compensation of trustees but simply fixes the maximum compensation of a trustee. The maximum limits are not intended to become the minimums. "The limits in this section, together with the limitations found in section 330, are to be applied as outer limits, and not as grants or entitlements to the maximum fees specified." HR Rep. No. 95–595, 95th Cong, 1st Sess 327 (1977), U.S.Code Cong. & Admin.News 1978, p. 6283.

2. *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir.1981), renders decisions of the Fifth Circuit issued prior to September 30, 1981, binding precedent for the Eleventh Circuit.

3. See time entries for PWB for 2/6/86, 2/10/86, 2/17/86, 2/18/86, 2/24/86 and 5/1/86.

4. See time entries for JLW and JAR for 2/18/86, 2/24/86, 3/4/86, 3/5/86, 3/6/86, 3/11/86, 3/14/86, 3/18/86, 4/2/86, 4/3/86, 4/15/86, 4/16/86, 5/1/86, 6/3/86, 6/9/86, 6/30/86, 7/7/86, 7/25/86, 8/7/86, 8/13/86, 9/5/86, 10/7/86, 11/6/86, 12/3/86, 1/5/87, 2/13/87, 3/4/87, 4/6/87, 5/8/87, 7/7/87, 8/9/87, 9/15/87, 10/9/87, 12/8/87, 1/7/88, 1/8/88, 1/14/88, 1/18/88, 2/4/88, 3/4/88, 3/14/88.