**In re Michael Meech BLUE, Debtor.**

**Bankruptcy No. 86–3439–A.**

United States Bankruptcy Court,
W.D. Oklahoma.

Oct. 28, 1992.

Sandy L. Schovanec, Esq. of Phillips, McFall, McCaffrey, McVay & Murrah, Oklahoma City, Okl., for trustee.

Herbert M. Graves, Asst. U.S. Trustee, Oklahoma City, Okl.

## ORDER ON TRUSTEE'S FINAL RE-QUEST FOR COMPENSATION AND REIMBURSEMENT

RICHARD L. BOHANON, Chief Judge.

The Bankruptcy Code provisions concerning trustee and professional compensation are of necessity flexible, but that same flexibility contributes to disputes over the scope of the compensation provisions in various situations. The dispute in this case arises over the interaction of §§ 326(a) and 330(a) in the areas of trustee clerical or overhead expenses and reimbursement for expenses of paraprofessionals.

The United States Trustee and the case trustee, William N. Webb, disagree over the reasonableness of the trustee's fee request. The United States Trustee argues that compensation and reimbursement of clerical expenses related to the trustee's duties under § 704 are allowable, if they are reasonable, only in an amount up to the maximum allowed under § 326(a). Webb argues that clerical expenses are reimbursable pursuant to § 330(a)(2) in addition to the maximum trustee's fee under § 326(a), not as a component of that fee.

The facts are not in dispute. The trustee has previously received interim compensation and reimbursement of expenses totalling approximately $10,300 for the administration of the estate. He now has made a request for final fees, pursuant to § 326(a), and a request for reimbursement of clerical expenses, pursuant to § 330(a)(2), totalling $7,750.

Webb provided documentation in support of these requests. This documentation consisted of a detailed listing by date of major tasks performed, hours spent, postage, number of envelopes used, and the number of copies made for each task. For example, he listed time and copy fees for each of 42 bank deposits made in the case. He also requested reimbursement for costs for 1,124 copies and 167 envelopes. The thoroughness of this information tends to give the impression that complete contemporaneous records were kept.

Testimony revealed that such was not the case. In particular, the times listed represented average times, not the actual hours expended on each task. The trustee introduced a hours per task study he had undertaken, and explained at length how he had used his background as an industrial engineer to approximate time values in all of his fee applications in lieu of maintaining records of the time actually spent.

Further testimony established that administration of the estate included primarily ordinary activities, but also included efforts at collecting royalty payments from operators of oil and gas wells.

### DISCUSSION

The swift turnover of the chapter 7 case load in every district rests on the chapter 7 panel trustees. It is therefore in the best interest of the bankruptcy system that it attract qualified individuals as trustees. In order to attract them the Bankruptcy Code provides that they be compensated at a rate commensurate with that for comparable types of work. 11 U.S.C. § 330(a).

However, Congress has limited the compensation of trustees in two ways. First, compensation for trustee's services is al-

lowable only to the extent that the request is reasonable. 11 U.S.C. § 330(a). Reimbursement for trustee's expenses may also be allowed if they are actual and necessary. *Ibid.* Second, § 330(a) further qualifies the amounts allowable for services and expenses related to the trustee's services by placing the cap provided in § 326(a) on the sum of the amount of services compensable and the amount of expenses reimbursable. *Ibid.*

Unfortunately, in some cases the compensation provided by this system is less than the trustee's cost of administering the estate. The trustee in this case argues that such a result is not intended under the Bankruptcy Code; is inequitable; and that the intent of the compensation system is to guarantee the trustee a profit on every case. He contends that his income or gross profit from the trustee's duties is represented by the fee of § 326(a), while the actual cost of administering the case, the overhead, is represented by the reimbursement provided under § 330(a).

■ I find no support for the trustee's argument in the language of the Bankruptcy Code or in legislative history, and he provides no authority or support for his contention. On the contrary, the limitation of § 326(a) indicates the opposite intent. Further, although trustees' fees are to be allowed in amounts commensurate with the cost of comparable services, such language does not mandate a profit.

Obviously the purpose of providing a service is to profit overall, but businesses incur losses from any single contract and sometimes incur losses over the course of time. The business of bankruptcy trustee is no different than any other business in that regard.

## COMPENSATION FOR TRUSTEE'S SERVICES

■ The question then becomes—whether all services and expenses of a trustee fall under § 326(a), or whether some services and expenses fall outside its scope? The majority of courts find that any services performed by the trustee, or a professional or paraprofessional employed by the trust-ee, which are required by § 704, but are nonprofessional in nature, fall within § 326(a). *See In re Shades of Beauty, Inc.,* 56 B.R. 946 (Bankr.E.D.N.Y.1986); *In re Lanier Spa, Inc.,* 99 B.R. 490 (Bankr. N.D.Ga.1989); *In re Berglund Constr. Co., Inc.,* 142 B.R. 947 (Bankr.E.D.Wash.1992).

I agree with the reasoning of these courts and respectfully disagree with those courts which find otherwise. *See Cavazos v. Simmons,* 90 B.R. 234 (N.D.Tex.1988); *In re Miguel,* 123 B.R. 634 (Bankr.E.D.Cal. 1991). A contrary interpretation renders § 326(a) meaningless.

## COMPENSATION FOR SERVICES OF TRUSTEES AS PROFESSIONALS

There appear to be few circumstances where the fees and expenses of a trustee in Chapter 7 are not subject to the cap of § 326(a).

■ Obviously, in certain circumstances, execution of the trustee's duties under § 704 will require services which ought to be performed by licensed professionals or paraprofessionals such as attorneys, paralegals, accountants, auctioneers or brokers. The Bankruptcy Code provides that trustees may employ these professionals when required for administration of the estate. 11 U.S.C. § 327(a). However, self employment by a trustee is limited to only two of these roles, attorney or accountant. 11 U.S.C. § 327(d). *See In re Continental Nut Co.,* 44 B.R. 48 (Bankr.E.D.Cal.1984); *In re Alexander,* 129 B.R. 183 (Bankr. D.Minn.1991). When acting in these roles the trustee's compensation is not limited by § 326(a). 11 U.S.C. § 330(a).

■ In addition, certain cases will require extraordinary effort and expense from the trustee. Such extra expenses incurred through large mass mailings and long distance calls exceed ordinary overhead and the normal function of the trustee envisaged in the list of duties in § 704. Such extraordinary expenses may be reimbursed pursuant to § 330(a) outside of the cap of § 326(a).

I, therefore, conclude that the cap on compensation of section 326(a) applies to the sum of the reimbursement for overhead and compensation for any services performed by the trustee related to the typical nonprofessional duties of the trustee under § 704.

Conversely, the cap of § 326(a) does not apply to the reimbursement for expenses and compensation of the trustee, or professionals, which relate solely to professional services or extraordinary expenses.

■ Further, allowance of any fee requires a showing by the trustee that the request is reasonable, pursuant to § 330(a). *See In re Orthopaedic Technology, Inc.,* 97 B.R. 596 (Bankr.D.Colo.1989). This showing is usually made by establishing the tasks accomplished, time spent on them, and expertise of the personnel employed. *See* Fed.R.Bankr.Pro. 2016(a), and *In re Seneca Oil Co.,* 65 B.R. 902 (Bankr. W.D.Okla.1986). While this requirement has long been enforced as regards fee requests for services of professionals in this district, its enforcement has been lacking in fee requests for services of trustees.

The limitations of § 326(a) alter the showing of reasonableness for trustee fee requests by linking the measure of reasonable compensation and reimbursement to the size of the estate.

In those cases where the trustee's fee is *de minimis* it may not be practical or helpful for the trustees to maintain the detailed time records required by the rule and the decision in *Seneca.* Generally, most trustees will be attempting to keep the hours worked on such estates to an efficient minimum anyway, because of the size of their fee, rendering inefficient review by the court and United States Trustee.

Conversely, in larger and more complex estates the maximum allowable fee under the structure of § 326(a) may be thousands of dollars and the time expended will be a much more important factor in determining if the maximum fee is reasonable or if a reduced fee is appropriate. Should the trustee's fee request fail to provide information adequate to establish that services were rendered sufficient to justify payment of the maximum fee in such estates, allowance of a reduced fee, for that reason, would be in order.

This size of this estate is significant and the time spent is an important factor in judging the fee request. The documentation provided by the trustee establishes that the work performed by his paraprofessionals was for ordinary nonprofessional trustee duties. In other words, in this regard he is seeking reimbursement for ordinary overhead expenses. The maximum compensation and reimbursement allowable to him for these services under the formula in § 326(a) would be $11,920. That portion of the trustee's request which exceeds this maximum must be denied.

In order to be entitled to compensation up to this maximum, the trustee must show that his request is reasonable in terms of both the services provided and the cost of those services. The trustee has provided adequate documentation to establish that the services provided were reasonable in light of the circumstances of this estate. However, he provided no documentation of the actual time spent accomplishing these tasks.

Following the hearing on the motion, however, the trustee requested that any adverse decision on the scope of § 326(a) and the documentation requirement for allowance of trustees' fee requests be applied prospectively only because such decision may depart from procedures customarily employed in this district. On the issue of the application of the limitations of § 326(a) to overhead expenses the request is denied for there is no showing that contrary procedures have been customary in the district. The court is aware, however, that chapter 7 panel trustees have commonly not maintained the requisite time records in many cases. Since this issue was not raised until after the hearing the United States Trustee has not responded to it. Therefore, that issue, only, will remain under submission and he will be allowed 15 days to serve his response.

Accordingly, the trustee's request is allowed only in the amount of $1,620, which represents the difference between the maximum fee allowable under § 326(a) and the amount of compensation previously allowed him.