**In re HANCE MEYER, INC., Debtor.**

**In re SAN RAFAEL GRAPHICS, Debtor.**

**Bankruptcy Nos. 1–82–00168, 1–88–00752.**

United States Bankruptcy Court,
N.D. California.

Dec. 13, 1993.

John M. England, San Francisco, CA, trustee.

## AMENDED MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

In the above two Chapter 7 cases, trustee John England seeks the maximum fee allowed by section 326(a) of the Bankruptcy Code. In addition, he seeks reimbursement of $1,825.50 for "Admin. asst. staff" and "paralegal staff" at the rate of $30.00 per hour. England pays the employees involved approximately $18.75 per hour. For the reasons stated below, the court sustains the objection of the U.S. Trustee.

Many issues regarding trustee compensation are essentially discretionary in nature, with no statutory or appellate guidance for the court. As a consequence, bankruptcy courts vary widely in their rulings on what sort of expenses are recoverable by the trustee and what expenses are ordinary overhead and not recoverable. This court's insights into those issues are no more valuable than those of any other bankruptcy judge. However, the issue now before the court is considerably different.

If England were not seeking the maximum statutory commission, or if he were only seeking reimbursement at the rate he actually paid his employees, then the matter would be one for the court's discretion. However, section 326(a) sets an absolute maximum on the amount of compensation the court can award a trustee. The court's discretion ends at the maximum ceiling. *In re Financial Corp. of America,* 114 B.R. 221, 224 (9th Cir. BAP 1990). Where the maximum commission is awarded, the allowance as an expense of the smallest amount over the trustee's actual, out-of-pocket costs violates section 326.

Although England does not argue it, section 330(a)(1) of the Code does give him the right to fees based on the services of a paraprofessional. However, that section is expressly subject to section 326. Application of the limitations of section 326 to section 330(a)(1) may not require that whatever is awarded on account of paraprofessional services under section 330(a)(1) reduces, dollar for dollar, the maximum commission the trustee can be awarded. *Cavazos v. Simmons,* 90 B.R. 234, 238 (N.D.Tex.1988).[1] However, it does mean that the total compensation received by the trustee, after deduction of the *actual cost* of the paraprofessional, cannot exceed the statutory maximum. The paraprofessional cannot be used as a "profit center" by the case trustee if the "profit" results in more compensation than section 326 permits.

England's only response to the U.S. Trustee's objection is to note that in this division and many other areas trustees have historically been allowed to charge estates for their staffs at higher rates than the actual wages paid. While this is undoubtedly true, it is irrelevant now that an objection has been raised placing the issue before the court. Historical practice is no justification for something which cannot withstand legal analysis.

For the foregoing reasons, the objections of the U.S. Trustee to allowance of England's staff time at a rate higher than the actual wages of his employees will be sustained. Other issues will be addressed separately.

---

1. Virtually all of the courts which have dealt with the issue since *Cavazos* have disagreed with it and found that the limits of section 326 apply to all payments to paraprofessionals under section 330(a)(1). See *In re Santangelo and Co., Inc.,* 156 B.R. 62 (Bkrtcy.D.Colo.1993); *In re Stewart,* 151 B.R. 255 (Bkrtcy.C.D.Cal.1993); *In re Blue,* 146 B.R. 856 (Bkrtcy.W.D.Okl.1992); *In re Hagan,* 145 B.R. 515 (Bkrtcy.E.D.Va.1992); and *In re Berglund Const. Co., Inc.,* 142 B.R. 947 (Bkrtcy.E.D.Wash.1992). Insofar as this court would not subject the trustee's *actual cost* of a paraprofessional to the limits of section 326, it is in essence taking a middle position on the issue.