In the Matter of Edwin F. and Dianne E. GRIBBON, Debtors.

In the Matter of BEST AROUND SCAFFOLD, INC., Debtor.

In the Matter of Scott P. and Lynnette S. PLUTCHOK, Debtors.

In the Matter of MULFORD TIRE CO., Debtor.

Bankruptcy Nos. 91–13428, 92–12992, 91–16058 and 91–14795.

United States Bankruptcy Court, D. New Jersey.

May 5, 1995.

John W. Hargrave, John W. Hargrave & Associates, Westmont, NJ, for Chapter 7 Trustee.

Robert J. Schneider, U.S. Trustee's Office, Newark, NJ.

## OPINION

JUDITH H. WIZMUR, Bankruptcy Judge.

In these four cases, we are called upon to determine whether and to what extent a request for paraprofessional services may be compensated in the context of a Chapter 7 trustee's application for commission and expenses. In each of the cases, John W. Hargrave, Esq., serves as the Chapter 7 trustee, and has also been appointed counsel for the trustee. The Final Report in each case has been approved by the United States Trustee ("UST") and the statutory compensation requested by the trustee has been awarded without modification. Allowance of the trustee's request for expenses in each case was reserved, pending further submissions and review, with respect to the trustee's request

for reimbursement of paraprofessional expenses.[1]

## Facts

### Edwin and Diane Gribbon

On July 18, 1991, Edwin and Dianne Gribbon ("debtors") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee has been awarded $449.89 in statutory compensation and seeks reimbursement for expenses in the amount of $580.40 (comprised in part of $464.80 in paraprofessional services).[2] The paraprofessional services are charged at the actual cost to the trustee of $15.65 per hour.

### In re Mulford Tire Co.

On October 9, 1991, Mulford Tire Company ("debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee has been awarded $462.92 in statutory compensation and seeks reimbursement for expenses in the amount of $649.13 (comprised in part of $603.50 in paraprofessional expenses).[3]

### In re Plutchok

On December 24, 1991, Scott P. and Lynnette S. Plutchok ("debtors") filed their voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee has been awarded $772.69 in statutory compensation and seeks reimbursement for expenses in the amount of $296.30 (comprised in part of $239.70 in paraprofessional expenses).[4]

### In re Best Scaffold, Inc.

On June 12, 1992, Best Scaffold, Inc. ("debtor") filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. The trustee has been awarded $1,227.42 in statutory compensation and seeks reimbursement of expenses in the amount of $780.31 (comprised in part of $680.00 in paraprofessional expenses).[5]

For purposes of all four cases, the trustee describes the organization of his office and his method of delegating duties to his paraprofessional employees. The trustee delegates to his paraprofessional, among other functions: review of the petition, preparation of follow-up letters, bookkeeping and accounting functions, preparation of the Estate Property Record, preparation of the UST semi-annual reports, opening of bank accounts and ordering checks, drafting of the interim status reports and the final report, supervision of the assemblage of records, and preparation of the post-distribution report. The trustee relies upon both 11 U.S.C. § 330(a)(1) and (a)(2), in seeking to recover the actual direct labor cost to him of the paraprofessional employee's regular salary, health insurance and payroll taxes, which amounts to $15.65 per hour. The trustee contends that his paralegal is not performing secretarial services, and explains that she "does more than merely input data. She has to understand basic concepts of bankruptcy law, bookkeeping and the accounting requirements in order to organize the data in a form acceptable to this Court and the U.S. Trustee's Office." [Trustee's Suppl.Cert. at 5.]. According to the trustee, when the task of handling estate funds is delegated to and shared with office personnel, the U.S. Trustee requires Chapter 7 trustees to separate the responsibility of handling funds among several people. Therefore, a Chapter 7 trustee must staff his office with sufficient personnel to meet all requirements, and should be compensated for actual expendi-

---

1. In each of the cases, the trustee also requested reimbursement of clerical/secretarial charges, but has withdrawn the request.

2. The Final Report shows that the trustee received $8,996.17 and made cash disbursements of $66.64. Counsel fees in the amount of $5,436.80 were awarded to the trustee's law firm.

3. The Final Report shows that the trustee received $9,430.55 and made cash disbursements of $68.38. Counsel fees in the amount of $3,957.13 were awarded to the trustee's law firm.

4. The Final Report shows that the trustee received $28,056.23 and made cash disbursements of $10,144.67. Counsel fees in the amount of $3,595.50 were awarded to the trustee's law firm.

5. The Final Report shows that the trustee received $34,914.03 and made cash disbursements of $389.04. Counsel fees in the amount of $5,436.80 were awarded to the trustee's law firm.

tures related to specific cases from each bankruptcy estate for which services are rendered.[6]

The United States Trustee ("UST") objects to the trustee's request for reimbursement of paraprofessional expenses on several grounds. The UST contends that under section 330(a), paraprofessional services are a component of the compensation allowable to the trustee, and the trustee's compensation is subject to the cap in section 326(a). The UST objects to the trustee's attempt to circumvent the section 326(a) cap by delegating his section 704 duties to a paraprofessional employee. According to the UST, compensating paraprofessionals for performing trustee duties violates clear congressional intent to reduce the cost of administering bankruptcy cases. Therefore, such paraprofessional services should be considered as unreimbursable overhead incurred by the trustee. Even assuming that paraprofessional services are entitled to compensation, the UST contends that reasonable compensation should be awarded only for actual, necessary services under 11 U.S.C. § 330(a)(1) and not as reimbursement for actual, necessary expenses under section 330(a)(2).

### Discussion

Our discussion of the issue of compensation for paraprofessionals utilized by a trustee begins, as always, with the applicable statutes. Section 330 provides in pertinent part:

(a) After notice to any parties in interest and to the United States trustee and a hearing, and subject to sections 326, 328, and 329 of this title, the court may award to a trustee, ...—

---

**6.** The trustee's argument in this regard is unpersuasive. The internal controls promulgated by the UST's office requires segregation of duties where the trustee has already delegated his administrative responsibilities. Where there is no such delegation, the trustee is not obligated to hire additional personnel solely to segregate duties that may be performed by the trustee alone.

**7.** Section 330(a)(1) has been revised by the Bankruptcy Reform Act of 1994, Pub.L. 103–394, § 224(b) (Oct. 22, 1994), effective for all cases commenced after October 22, 1994. The revised section 330(a)(1) now reads:

(1) reasonable compensation for actual, necessary services rendered by such trustee, ... as the case may be, and by any paraprofessional persons employed by such trustee, ... based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2) reimbursement for actual, necessary expenses.

11 U.S.C. § 330.[7] "[T]he compensation allowable under this section is subject to the maxima set out in sections 326, 328, and 329." H.R.Rep. No. 595, 95th Cong., 1st Sess. 329–330 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6285, 6286. In section 330, Congress sought to:

reduce the cost of administering bankruptcy cases. In nonbankruptcy areas, attorneys are able to charge for a paraprofessional's time on an hourly basis, and not include it in overhead. If a similar practice does not pertain in bankruptcy cases, then the attorney will be less inclined to use paraprofessionals even where the work involved could easily be handled by an attorney's assistant, at much lower cost to the estate. This provision is designed to encourage attorneys to use paraprofessional assistance where possible, and to insure that the estate, not the attorney, will bear the cost, to the benefit of both the estate and the attorneys involved.

*Id.* *See also* S.Rep. No. 989, 95th Cong., 2d Sess. 40–41 (1978), U.S.Code Cong. & Admin.News 1978, p. 5827 ("Subsection (a) provides for compensation of paraprofessionals in order to reduce the cost of administering bankruptcy cases.").

(a)(1) After notice to the parties in interest and the United States trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional person employed under section 327 or 1103—

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

A trustee's compensation is limited by the cap provided for in 11 U.S.C. § 326. Section 326 provides in relevant part:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).[8]

Attempts at reconciliation of sections 326 and 330, in the context of the compensability of paraprofessional services rendered on behalf of a Chapter 7 trustee, have resulted in two lines of cases, one concluding that the allowance of paraprofessional compensation is subject to the limitations imposed by § 326 upon a trustee's compensation, and the other holding that paraprofessionals constitute a separate class, unaffected by the § 326 cap.

The basic premise of cases disallowing paraprofessional compensation in excess of the § 326 cap on the trustee's compensation is that while section 330(a)(1) authorizes the employment of paraprofessionals by trustees, section 330(a)(1) is also expressly subject to the limitations provided in section 326. Separate compensation should not be awarded above the cap for paraprofessionals performing the trustee's duties. Just as a trustee who has been authorized to serve as his own counsel cannot receive two fees for the same service, *see* 11 U.S.C. § 328(b); H.R.Rep. No. 595, 95th Cong., 1st Sess. 329 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 39 (1978), a trustee should not be allowed to circumvent section 326(a) by delegating his statutory duties to a paraprofessional, and then claim reimbursement for those same paraprofessional services above and beyond his statutory commission. *See, e.g., In re Santangelo & Co., Inc.,* 156 B.R. 62, 65

(Bankr.D.Colo.1993) ("a bankruptcy estate should not be required to pay additional attorney's fees for work that should have been performed by the case trustee. Similarly, an estate should not be required to pay additional compensation to a paralegal for performing trustee duties."); *In re Stewart,* 151 B.R. 255, 259–60 (Bankr.C.D.Cal.1993) ("when read together, §§ 330(a)(1) and 326(a) authorize reasonable compensation for trustee services, whether such services are performed by the trustee or paraprofessionals, subject to the limits of § 326"); *In re Berglund Constr. Co., Inc.,* 142 B.R. 947 (Bankr. E.D.Wash.1992) (neither professionals nor paraprofessionals may be separately compensated for performing trustee duties beyond the limits of § 326); *In re Prairie Central Railway Co.,* 87 B.R. 952, 959 (Bankr.N.D.Ill. 1988) ("The Trustee cannot effectively expand the maximum limits of Section 326(a) by hiring other people to perform his duties for him, whether they are paralegals, attorneys, accountants or other professional persons, and utilize the potentially unlimited scope of Section 330 as a basis for award of reasonable compensation."). *See also In re Asher,* 171 B.R. 690, 691 (D.Colo.1994) ("[P]ayment for a paraprofessional's service when such services could have been completed by the trustee herself is to be considered compensation, not reimbursement, and as such is subject to the 326(a) cap."); *In re Dorn,* 167 B.R. 860, 867 (Bankr.S.D.Ohio 1994) (compensation is limited to trustee's maximum under section 326(a)); *In re Hance Meyer, Inc.,* 161 B.R. 839, 840 (Bankr. N.D.Cal.1993) ("[T]he total compensation received by the trustee, after deduction of the *actual cost* of the paraprofessional, cannot exceed the statutory maximum. The paraprofessional cannot be used as a 'profit center' by the case trustee if the 'profit' results in more compensation than section 326 permits."); *In re Hagan,* 145 B.R. 515, 517 (Bankr.E.D.Va.1992) (as a specific provision, application of section 326 controls over section 330, a general provision); *In re Lanier Spa, Inc.,* 99 B.R. 490 (Bankr.N.D.Ga.1989).

---

8. Section 326(a) was revised by the Bankruptcy Reform Act of 1994 to increase the maximum rate of trustee compensation.

In contrast, the second line of cases, which permits paraprofessional fees to be awarded to trustees as a separate compensable item, where those services are demonstrated to be actual and necessary, focuses upon the language of section 326(a). That section prescribes the maximum compensation for a "trustee for the trustee's services", with no mention of a cap on paraprofessional services retained by the trustee. While section 330(a)(1) authorizes compensation both for services "rendered by the trustee" and for services rendered "by any paraprofessional person employed by" the trustee, section 326(a) addresses only the services rendered by the trustee. *See, e.g., Cavazos v. Simmons,* 90 B.R. 234, 239 (N.D.Tex.1988) (the absence of any limiting language in § 326(a) indicates that Congress did not intend to limit paraprofessional fees other than through section 330); *In re Abraham,* 163 B.R. 772, 787 (Bankr.W.D.Tex.1994) ("Congress surely did not intend to insert a provision authorizing trustees to employ paraprofessionals, only to guarantee by this placement that, in virtually every circumstance, trustees could not afford to employ paraprofessionals—especially when their employment would not reduce the overall cost of administration (as it was expected to do when attorneys employed paraprofessionals)."). *See also In re Orthopaedic Techn., Inc.* 97 B.R. 596, 599 (Bankr.D.Colo.1989) ("If the trustee utilizes the services of a paraprofessional, those services can be separately compensated, subject to the limitation under section 330 that such services be 'actual and necessary.'").

■ Our review of the statutory framework and both lines of cases leads us to conclude that while the trustee's allowable compensation is limited by application of section 326(a), separate paraprofessional compensation is not *per se* capped by section 326(a), but rather is limited by section 330(a). Section 330(a)(1) provides that reasonable compensation may be awarded to the trustee "for actual, necessary services rendered by such trustee" *and* for actual, necessary services rendered by "any paraprofessional persons employed by such trustee." Compensation to paraprofessional persons is contingent upon a determination that such compensation is reasonable and that the services were actual and necessary. The statutory scheme provides no other express restriction on the compensation allowable to a paraprofessional.

■ We believe the statutory limitation on paraprofessional compensation appears in the application of the term "necessary" to a request for such compensation. That the routine services rendered by a paraprofessional in fulfilling the trustee's statutory duties, such as preparing reports, depositing checks and reconciling bank statements, are "necessary" for administering the estate is not debated. However, we believe that the term "necessary" requires us to ask in each case in which paraprofessional fees are sought whether the bankruptcy estate required such services for some specific articulable reason, beyond satisfaction of the trustee's normal administration of the debtor's estate. For example, where a particular estate imposes burdensome record-keeping or transactional requirements upon a trustee, and/or where the need for retaining other professionals such as accountants or attorneys could be avoided by the utilization of paraprofessional services, such services may be designated as "necessary". Otherwise, routine trustee functions, which could have been performed by the trustee himself, at a lesser cost to the estate, may not be compensated as "necessary" paraprofessional services.[9]

9. We note that the recent amendments to section 330, particularly subsections (a)(3) and (a)(4) would support our result here. Those amendments provide:

(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
(A) the time spent on such services;
(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

We believe our reading of the term "necessary", as it appears in the context of § 330(a)(1), complements the § 326(a) cap on trustee compensation. A trustee seeking compensation under § 326(a) does not automatically receive the maximum commission authorized. Rather, he is compensated for the services actually performed, as limited by the statutory cap. *Kandel v. Alexander Leasing Corp.*, 107 B.R. 548, 551 (N.D.Ohio 1988). If a trustee determines in his business judgment to delegate basic customary trustee duties to a paraprofessional, including the task of handling estate funds, the paraprofessional services performed should be considered as a component of the trustee's services. Only where the estate requires special services can the utilization of paraprofessional services be deemed "necessary" to justify additional compensation beyond the reach of the § 326 cap.

■ In the four cases presented here, all of the paraprofessional services performed were ordinary and routine trustee services such as preparing reports, maintaining financial information and reviewing claims. Although we recognize that such services are necessary to be performed by the trustee, either directly or by delegation, we find nothing in the record of these cases to justify an additional expense to each estate for paraprofessional services beyond the trustee's statutory compensation. We conclude that the paraprofessional services performed in each of these cases may not be compensated as "necessary" services rendered in each estate.

■ The trustee's alternative suggestion that reimbursement may be sought under section 330(a)(2) is unpersuasive. Such a reading of the statute would undermine the specific allowance for paraprofessional services provided for in subsection (a)(1). We

decline to adopt an interpretation of a statute that would render the specific language in another part of that same statute meaningless.

Counsel for the UST may submit an order in conformance with this opinion.

---

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

(4)(A) Except as provided in subparagraph (B), the court shall not allow compensation for—

(i) unnecessary duplication of services; or

(ii) services that were not—

(I) reasonably likely to benefit the debtor's estate; or

(II) necessary to the administration of the case.

(B) In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in this section.

11 U.S.C. § 330(a)(3), (4).