**In re Peter F.K. BARABAN a/k/a Peter Frederic Kurz Baraban, Peter Baraban, Debtor.**

**Bankruptcy No. 85–00050–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Sept. 18, 1989.

---

See also, Bkrtcy., 59 B.R. 6.

Irving E. Gennet, Boca Raton, Fla., trustee.

Daniel L. Bakst, West Palm Beach, Fla.

Jerry Markowitz, Miami, Fla., Fine, Jacobson, Schwartz, Nash, Block & England, Anthony J. Carriuolo, Ft. Lauderdale, Fla., for debtor.

## ORDER SUPPLEMENTING JULY 17 ORDER ALLOWING FEES

THOMAS C. BRITTON, Chief Judge.

The July 17 Order Allowing Fees (CP 267) entered in this 1985 bankruptcy, approved a fee of $291 for Fine, Jacobson, Schwartz, Nash, Block & England, former co-counsel for the debtor, and approved compensation of $20,000 for Irving E. Gennet, the bankruptcy trustee.

That Order provided that more specific findings and considerations supporting those conclusions would be prepared and filed at the request of any party if received by the court within 10 days after the entry of the order. Fine, Jacobson has made such a request, which was timely. (CP 268).

Gennet also made such a request, dated August 11 and received by this court on August 16, 30 days after the entry of the order.

This Order addresses these two requests.

### *Fine, Jacobson*

The fee application for Fine, Jacobson (CP 117) requested $13,975.10. The employment of the firm by the debtor was authorized on January 16, 1985, five days after this bankruptcy was filed.

Notwithstanding the requirements of Bankruptcy Rule 2016(a) for "a detailed statement of (1) the services rendered, time expended and expenses incurred," this applicant merely attached copies of eight billing statements covering the period between

January 9, 1985 (before its employment was authorized) and September 30, 1985, each of which identifies the work performed as "foreclosure".

Services furnished by this eminent law firm as described in these invoices were not shown to relate in any way to the administration of this bankruptcy case. For that reason, as well as the applicant's failure to comply with the Rule, the charges reflected in those records were disregarded by this court.

One additional invoice (No. 21566) covering the period between July 2, 1985 and September 25, 1985, for the services of Attorney Brooks and reflecting a charge of $291 was identified as being "re Bankruptcy". This invoice was allowed in full.

This applicant withdrew as debtor's co-counsel on October 30, 1985 (CP 118), nine months after its employment was authorized.

It was and is this court's finding and conclusion that this applicant failed to carry its burden of demonstrating its entitlement to any more compensation than was authorized in this court's order.

This applicant has explained that it assisted in reducing a 1978 IRS claim. The debtor's accountant, Levi, who subsequently became the trustee's accountant, had previously claimed and has been paid for accomplishing the same result. (CP 127).

It should also be noted that this debtor was also represented (throughout the duration of this case) by Mr. Markowitz, a very experienced bankruptcy specialist.

### Irving E. Gennet, Trustee

The trustee's application (CP 248) requested $73,790, the statutory maximum permissible compensation, without any explanation, justification or detail.

■ Bankruptcy Rule 2016 is as applicable to a bankruptcy trustee as it is to all other fee applicants. *In re Beverly Mfg. Corp.,* 841 F.2d 365, 369–70 (11th Cir.1988); *York Int'l Bldg. Inc. v. Chaney,* 527 F.2d 1061, 1069 (9th Cir.1975). The burden is on a fee applicant to justify his application. This court cannot evaluate the services of a fee applicant, except upon the record provided by the application submitted.

■ The "Limitation on Compensation of Trustee" provided at 11 U.S.C. § 326(a), is, of course, a ceiling and, therefore, furnishes no predicate for minimum compensation.

■ The applicant although previously instructed by this court, in another case [1], to do so, has maintained no contemporaneous time record to document his actual effort in this case. Instead, he has *estimated* the time spent by him to be 164 hours. Based upon that estimate, he has applied for compensation at the rate of $450 per hour. This figure is absurd. There is no attorney, to my knowledge, within this Circuit and only a handful in Washington and New York who value their time at this rate; I am aware of none who valued their time in 1985 at this rate.

Although there are many able trustees within this District, none values his time at anywhere near that rate. The services performed by this trustee consisted essentially of conferences and correspondence with his attorney, monitoring the hearings, pleadings and correspondence in this case, the filing of required periodic reports, and the deposit of money into interest-bearing accounts. None of these services demanded unusual skill and no unusual skill was displayed in this case by this trustee.

The fee awarded this trustee, assuming his own very generous estimate of the time he spent, compensates him for that time at the rate of $122 per hour, which should be sufficient to attract and retain the services of competent laymen trustees. This trustee's employment of an experienced bankruptcy attorney as his counsel was approved by this court and that attorney's compensation for his services has not been questioned.

DONE and ORDERED.

---

1. *In re Execuselling Corp.,* No. 83–00329 (Bankr. S.D.Fla. July 29, 1986 and June 27, 1986).