**In re Joe F. HOBBS, Donna S. Hobbs, Debtors.**

**Bankruptcy No. 87-4-1817-PM.**

United States Bankruptcy Court, D. Maryland, at Rockville.

Nov. 20, 1989.

Nelson Cohen, Trustee.

John Owen, for debtor.

## MEMORANDUM OF DECISION

(Trustee's Final Account)

PAUL MANNES, Chief Judge.

This matter comes before the court upon the trustee's final account, final report, and application for court approval of his commissions, expenses, and attorney fees without a hearing. Nonetheless, a hearing took place on October 16, 1989. The issue before the court recurs in smaller cases such as this where there is no creditor participation and the court must pass on fees and expenses claimed by the trustee and by the attorney for the trustee without the help of interested parties. The Office of the United States Trustee had no comment other than to note that it had reviewed the report.

The trustee holds $2,011.79 in his trustee account consisting of $1,858.00 received from the sale of the estate's interest in property retained by debtors and $153.79 in interest earned on the sales proceeds.

The trustee, who is his own counsel, requests the sum of $279.50 in attorney's fees. Counsel seeks compensation for the following items:

| | | |
|---|---|---|
| 9/9/87 | Review file re: order granting relief. | $60.00 |
| 11/11/87 | Review of file re: closing of case. | $45.00 |
| 3/2/88 | Confer with paralegal re: filing of final reports. | $66.00 |
| 5/13/88 | Review and revise motion and order re: filing of claims. | $33.00 |
| 6/15/88 | Review order re: last date to file claims and docket. | $16.50 |

| | | |
|---|---|---:|
| 11/2/88 | Revise trustee's final report and account, proposed order of distribution, final application for compensation and professional fees, and notice to creditors. | $42.50 |
| 11/5/88 | Review information re: closing case. | $16.50 |
| | Total | $279.50 |

All of the foregoing entries with one exception appear within the categories of the duties of the trustee mandated by 11 U.S.C. § 704:

§ 704. Duties of trustee. The trustee shall—

(1) collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest;

(2) be accountable for all property received;

(3) ensure that the debtor shall perform his intention as specified in section 521(2)(B) of this title;

(4) investigate the financial affairs of the debtor;

(5) if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper;

(6) if advisable, oppose the discharge of the debtor;

(7) unless the court orders otherwise, furnish such information concerning the estate and the estate's administration as is requested by a party in interest;

(8) if the business of the debtor is authorized to be operated, file with the court, with the United States trustee, and with any governmental unit charged with responsibility for collection or determination of any tax arising out of such operation, periodic reports and summaries of the operation of such business, including a statement of receipts and disbursements, and such other information as the United States trustee or the court requires; and

(9) make a final report and file a final account of the administration of the estate with the court and with the United States trustee.

■ The trustee requests a commission in the sum of $210.70. This sum does not exceed the maximum allowed under 11 U.S.C. § 326(a). However, the determination of a maximum limit under § 326 does not create an entitlement to that amount, "The Trustee must show the Court that the services rendered justify compensation at a reasonable rate." *In re Orthopaedic Technology, Inc.*, 97 B.R. 596, 601 (B.C.Colo. 1989). The trustee's commissions are allowed in the requested amount, as are the court costs of $46.50 for notices.

The issue of the trustee's expenses remains. The trustee claims expenses of $791.32, including $9.75 for Federal Express on September 9, 1987, and a messenger delivery charge of $9.00 on October 1, 1987. These dates do not correspond to anything in the court file. They may relate to the application by the trustee to employ himself as counsel, which was lodged in the Baltimore Division and thereafter refiled in Rockville. There was no need to send that application by Federal Express in that it did not require expedited delivery.

By far the largest part of the trustee's expenses concerns itself with $767.25 for "Paralegal aid." This issue was discussed thoroughly in the case of *In re Prairie Central Railway Co.*, 87 B.R. 952, 958–59 (B.C.N.D.Ill.1988), and *In re Orthopaedic Technology, Inc.*, 97 B.R. at 600–02. Borrowing from the aforecited opinions, the court proffers three considerations dealing with compensation of paralegals.

■ 1. Paralegals should be compensated as paraprofessionals under 11 U.S.C. § 330(a)(1) and not as a part of general overhead expense. *In re Klemen*, 21 B.R. 77, 78 (B.C.N.D.Ill.1982).

■ 2. The application for compensation of a paralegal should establish that the work done by the paralegal should be charged to the estate and not as a part of the non-professional, clerical overhead costs for the trustee that remains the trustee's responsibility. *Cavazos v. Simmons*, 90 B.R. 234, 240 (N.D.Tex.1988).

3. As Judge Squires pointed out in his discussion of paralegal compensation:

> In these times of increasing and sometimes astronomically high hourly rates charged by attorneys, there is a clear need for both economy of effort and utilization of more cost-efficient personnel to do the work required. The purpose is to lower overall costs of administration and thereby increase the available proceeds to serve as dividends to estate creditors. The opposite result from that intended by Congress is obtained when additional paraprofessionals or others are hired to do trustee's work for which limits are established by Section 326(a).

*In re Prairie Central Railway Co.,* 87 B.R. at 959.

From the summary furnished, the court is unable to distinguish between paraprofessional services properly chargeable to the estate and services in the nature of trustee work.[1] The trustee is directed to revise his application as directed. The rotten byproduct of this exercise is that a diligent trustee is penalized for hard work in a small case. In this aspect the system cries for repair before all competent trustees abandon this public service.

The sum of the allowed claims is $22,906.89. Without trustee's compensation and reimbursement for expenses, the amount of the distribution would be 8.8% as opposed to the less than 3% dividend provided under the proposed distribution.

The court will not approve the account as stated. An order will be entered in accordance with the foregoing.

### ORDER

(Trustee's Final Account, Final Report and Application for Commissions, Expenses and Attorney Fees without a Hearing)

For the reasons set forth in the Memorandum of Decision filed this day, it is this 20th day of November, 1989, by the United States Bankruptcy Court for the District of Maryland,

ORDERED that the trustee's application for court approval of his commissions, expenses and attorney fees without a hearing is denied without prejudice to restatement; and it is further

ORDERED that the approval of the trustee's final account and report be withheld, pending resubmission of the application for court approval of commission, expenses and attorney fees.

---

1. This difficulty is caused in part by the illegibility of the copy submitted.