**In re Gerald A. DRAINA, Debtor.**

**Bankruptcy No. 94–1–2985–DK.**

United States Bankruptcy Court,
D. Maryland.

Dec. 22, 1995.

*Taxation and Finance,* 963 F.2d 503, 512 (2nd Cir.1992).

Steven H. Greenfeld, Washington, DC, for Trustee.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

The Trustee has filed an Application for Final Compensation in this case seeking ap-

proval of commissions in the amount of $4,995.19 and reimbursement for expenses in the amount of $40.20. There are no issues concerning the expenses and they shall be approved as requested.

■■■ As to the commissions, the Trustee has filed a memorandum in support of his Application for Compensation in which he cites *In re Cardinal Industries, Inc.*, 151 B.R. 843, 848 (Bankr.So.D.Ohio 1993) for the proposition that a trustee should be compensated for the value of his services in a manner closely resembling a contingency fee arrangement, rather than on a strictly hourly basis. This court agrees in part with that statement. The benefit to the estate is one of the primary factors to be considered in the allowance of compensation to a trustee. *Id.* at 848. The calculation of a trustee's commission based upon money disbursed and using the formula set forth in 11 U.S.C. § 326 is one element of the benefit to the estate analysis. However, it is not the sole measure nor is benefit to the estate the sole factor to be considered. Both the pre 1994 Bankruptcy Reform Act version of 11 U.S.C. § 330(a)(1), applicable to this case, and the revised version of Section 330 set forth a number of factors for the court to consider. As stated in *In re Cardinal Industries Inc.*, 151 B.R. at 845, those factors include:

(1) the nature, extent and value of the services;

(2) the time spent on the services; and

(3) the cost of comparable services in a non-bankruptcy setting.

*See also In re Greenley Energy Holdings of Pennsylvania, Inc.*, 102 B.R. 400, 406 (E.D.Pa.1989) (other factors include "the intricacies of the problems involved, [ ] the amount involved, and [ ] the opposition encountered.") citing *In re Doctors*, 4 B.R. 346, 347 (Bankr.E.D.Pa.1980); 11 U.S.C. § 330(a)(3).

■■■ Thus in determining the benefit to the estate a court must consider not only the amount of funds to be disbursed but also other factors surrounding the work done by the trustee in accumulating such funds. For example, a trustee who simply becomes the custodian of an unencumbered bank account of sizeable amount should not necessarily be compensated for the minimal effort expended in taking control of that substantial asset for the estate at the same level as a trustee which expends considerable skill and effort in investigating, recovering and successfully liquidating assets which were not readily available or readily marketable. *In re Lehal Realty Associates*, 112 B.R. 590, 592–93 (Bankr.S.D.N.Y.1990). In the first instance, while there would be a substantial disbursement, it could not be said that the trustee's efforts have substantially benefitted the estate. *Id.* In the second instance, it would be clear that the trustee would in all likelihood have conferred a significant benefit to the estate.

■■■ The fact is that the Bankruptcy Code provides no formula for determining the minimum compensation that a trustee is entitled to be paid. *In re Baraban*, 106 B.R. 745, 747 (Bankr.S.D.Fla.1989) ("§ 326(a), is, of course, a ceiling and, therefore, furnishes no predicate for minimum compensation."); *In re Bob Grissett Golf Shoppes, Inc.*, 50 B.R. 598, 609 (Bankr.E.D.Va.1985). In determining the fee a trustee is entitled to, the Code applies two separate limitations. *In re Greenley*, 102 B.R. at 403. First, § 330(a) applies a reasonableness test, and second, § 326(a) places a cap on the fee irrespective of what might be reasonable. *Id.; In re Rauch*, 110 B.R. 467, 473 (Bankr.E.D.Cal.1990) ("section 326 sets out the outermost limit on compensation Trustees can receive under the Code"). Nowhere has § 326 been construed to create an entitlement to the maximum amount provided for under that section, except where it has already been determined that the reasonable value of the services performed by the trustee, as determined under § 330, is in excess of that amount. *In re Hobbs*, 108 B.R. 93, 94 (Bankr.D.Md.1989); *In re Orthopaedic Technology, Inc.*, 97 B.R. 596, 601 (Bankr.D.Colo.1989).

■■■ In determining what should be the allowed compensation of the trustee, § 330(a)(3)(C) now provides that services are to be valued in part by consideration of whether or not the services were beneficial to the estate, not in retrospect, but "at the time at which the service was rendered toward

completion of [ ] a case under this title...."[1] As courts are now statutorily required to consider the value of the services of a trustee in regard to the benefit at the time service was rendered, as opposed to after administration of the estate is complete, the court cannot solely focus on the amount available for disbursements as a factor for determination of a trustee's commissions.

In the instant case, the Trustee can account for 22 hours of work which the Trustee has spent on this file. In addition, the Trustee asserts that there was unrecorded time including "numerous phone calls" to creditors and others, plus standard administrative time working on reports to the Office of the United States Trustee, bond requirements as a panel trustee, and reconciliation of trustee bank accounts. Finally, the Trustee points out that he has not yet completed his duties and that additional time will be spent in making distribution to creditors and preparing and submitting the final report and documents necessary for the case to be closed. The court notes that in this case the Trustee obtained for the estate value by liquidating real estate located in Frederick County, Maryland, which was encumbered by multiple liens. This liquidation also required negotiation with the former spouse of the debtor who held a one-half interest in the subject real estate. It appears to the court that the Trustee had a number of obstacles to overcome in this liquidation and that the Trustee exercised a significant degree of skill and accomplished the realization of all available value from this real property.

While a trustee's standard rate per hour as an attorney is not necessarily the measure that should be applied in all cases to determine the value of a trustee's services as trustee, it is one fact which indicates what the time of a trustee may be worth when he is employed upon tasks which would be commensurate in difficulty and would require commensurate skill with that which he would be required to employ as an attorney. *In re Greenley*, 102 B.R. at 403. Here such an hourly rate when multiplied times the recorded hours for the Trustee would yield a

figure of $3,850.00. Considering the nature and extent of the work done by the Trustee, the services remaining to be done, and the fact that the Trustee in this case truly brought value to the estate by his endeavor, the court is convinced that commissions should be allowed in the amount of $4,500.00. *See In re Cardinal Industries, Inc.*, 151 B.R. at 846–47 (compensation in excess of hours expended times the standard rate charged by the trustee may be reasonable in certain situations).

---

1. This language, appearing in 11 U.S.C. § 330(a)(3)(C), as revised by the 1994 Bankruptcy Reform Act, is not applicable to the instant case, which was filed on June 8, 1994.