**In re Colleen BISKUP, Debtor.**

**Bankruptcy No. 96–26205.**

United States Bankruptcy Court,
W.D. Pennsylvania.

July 30, 1999.

Mary Reitmeyer, Pittsburg, PA, for trustee.

Gary Simone, Butler, PA, for Debtor.

## OPINION [1]

WARREN W. BENTZ, Bankruptcy Judge.

### Introduction

The Petition which commenced this Chapter 7 case was filed on November 20, 1996. Mary Reitmeyer serves as Chapter 7 Trustee ("Reitmeyer" or "Trustee"). Reitmeyer also serves in the capacity of attorney for the Trustee. Presently before the Court are the Trustee's final account and proposed distribution of the estate's assets and requests for compensation by the Trustee, the at-

torney for the Trustee and the accountant for the Trustee.

As Trustee, Reitmeyer requests payment of the maximum compensation allowed by 11 U.S.C. § 326 [2] in the amount of $5,856.81 and reimbursement of expenses in the amount of $67.88. As attorney for the Trustee, Reitmeyer seeks approval of attorney's fees in the amount of $4,138.50 and reimbursement of expenses in the amount of $336.85. Thus, Reitmeyer seeks total compensation in the amount of $9,995.31 and reimbursement of expenses in the amount of $404.65. The accountant for the Trustee requests approval of a $150.00 fee.[3]

After review of the Trustee's Final Report and Account, Application for Counsel Fees, the docket and the file papers, we proposed to fix total Trustee compensation and attorney's fees in the amount of $8,000 and afforded the Trustee an opportunity to request an evidentiary hearing to support the additional fees requested. The Trustee requested a further hearing and an evidentiary hearing was held on May 20, 1999. The matters are now ripe for decision.

### Facts

A week before Colleen Biskup ("Debtor") filed her voluntary Petition under Chapter 7 of the Bankruptcy Code, she suffered personal injury as the result of an automobile accident. Her potential personal injury claim was not disclosed on her bankruptcy schedules, but was made known to the Trustee at the first meeting of creditors held pursuant to § 341. But for the contingent and unliquidated personal injury claim, the case was a routine no-asset case. Debtor's bankruptcy schedules B and C were subsequently amended to disclose the potential claim and to claim

---

1. This Opinion constitutes our findings of fact and conclusions of law.

2. All Code sections refer to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise specified.

3. The accountant's fee is not questioned and will be approved.

the amount of $7,491.00 from the potential recovery as exempt under § 522(d)(5).

The Trustee filed a MOTION TO RESERVE THE CONTINGENT, UNLIQUIDATED PERSONAL INJURY CLAIM FROM ABANDONMENT IN FINAL DECREE. An Order was entered on January 31, 1997 which provided that entry of the final decree shall be subject to reopening of the case subject to recovery of any proceeds from the personal injury action. The Trustee then filed a report of no distribution and the case was closed on February 28, 1997.

The personal injury action was pursued by special counsel. On September 22, 1997, the Trustee having been advised that one portion of the personal injury action was settled for $25,000, filed a MOTION TO REOPEN BANKRUPTCY ESTATE. At the same time, the Trustee filed a MOTION FOR LEAVE TO EMPLOY COUNSEL TO THE TRUSTEE. We granted the Motion to Reopen by Order dated September 26, 1999 and granted the Trustee's Motion to employ herself as counsel on October 1, 1997.

The Trustee, through counsel, filed a Motion seeking approval of the $25,000 settlement, an amount which represented the policy limits of the tortfeasors insurance. The Court approved the settlement. Special counsel retained $8,750 as a contingency fee; the Debtor was paid her exemption of $7,491 and the balance of $8,759 was transmitted to the Trustee.

The Trustee prepared a Notice of Asset Case and the Clerk notified all creditors of the need to file a proof of claim. The Trustee, through counsel, filed a Motion for Authorization to Employ Accountant to prepare tax returns for the estate.

On February 18, 1998, the Trustee, through counsel, filed a second Motion to Settle and Compromise Personal Injury Claim for $50,000, the policy limits of the

Debtor's underinsured motorist's coverage. Following our approval of the Motion, Special Counsel retained $17,500 as a contingency fee and remitted the balance of $32,-500 to the Trustee.

On September 10, 1998, the Trustee, through counsel, filed a Motion to Determine Tax Liability. There were no objections by any taxing body and an Order was entered.

The Trustee then prepared a proposed distribution of the assets of the estate which was transmitted to the United States Trustee for review. Debtor then sought to further amend Schedule C to claim an additional exemption of $16,500 in the proceeds of the personal injury claim pursuant to § 522(d)(11). The Trustee, through counsel, objected to the further amendment. After notice and hearing, we overruled the Trustee's objection and by Order dated December 16, 1998, allowed the Amendment. At the hearing held on December 14, 1998, we stated that Reitmeyer would be entitled to additional attorney's fees for redoing the distribution due to the lateness of Debtor's Amendment.

The Trustee's final account reflects gross receipts of $75,777.29 which is comprised of the gross settlement amounts of $75,000 and $777.29 in interest. The final account shows disbursements to Special Counsel of $26,250 and to the Debtor as an exemption in the amount of $23,641.[4] The Trustee disbursed $9.00 for taxes and $4.98 for bond premium which leaves a balance of $25,872.31 for distribution.

The Trustee proposes to distribute $5,856.81 to herself as Trustee which represents the maximum trustee compensation allowed by § 326 and $67.88 in expenses; $4,138.50 to herself in attorney's fees as counsel for the Trustee plus $336.85 in expenses; $150.00 to the accountant for the estate; and $15,332.37

---

4. While the gross amount is $75,777.29, the Trustee never possessed that amount. Special Counsel's fees of $26,250 and Debtor's initial exemption of $7,491 were taken out before the funds were remitted to the Trustee.

prorata to unsecured creditors who hold claims which total $17,142.33 or an 89.38% distribution to unsecured creditors.

### Attorney's Fees

■ Although Reitmeyer was not appointed as counsel to the Trustee until October 1, 1997, the attorney's time records reflect services beginning January 24, 1997. As attorney, Reitmeyer billed an hourly rate of $225 in 1997 and $240 in 1998; the attorney's paralegal charges an hourly rate of $45. The time records show that, as counsel, Reitmeyer worked a total of 15 hours and counsel's paralegal worked 13.7 hours. Total legal fees are $4,138.50 plus $336.85 in expenses. The expenses are overstated by $130 as the fee to reopen the case is listed twice, once on September 19, 1997 and again on September 22, 1997.

The Court is satisfied with the quality of work performed by the Counsel for the Trustee. Reitmeyer has testified that the hourly rate charged for herself as attorney and her paralegal are the usual and customary rates charged other clients. We will not further inquire. The number of hours utilized is appropriate for the work performed and the attorney's fees will be allowed as requested. The attorney's expenses will be reduced by $130 on account of the duplicate entry for the reopening fee.

### Trustee's Compensation

■ The Trustee worked 5.1 hours and her paralegal worked 3.9 hours in the case. For this work, the Trustee requests that we approve compensation of $5,856.81 or in excess of $650 per hour (for both attorney and paralegal time). This is in addition to $4,138.50 requested for acting as attorney to the Trustee and $26,250 paid to Special Counsel in the personal injury action.

The Trustee's duties were performed in a diligent and timely manner. This was a routine case with the Trustee having a single asset to administer—the personal injury action. The personal injury action was pursued and settled by Special Counsel. The Trustee was required to learn of the action and preserve it from abandonment. After that, the Trustee need only wait while Special Counsel pursued a recovery. The Trustee was then required to file certain routine motions and prepare the distribution.

The Trustee posits that a trustee is entitled to the maximum compensation allowed under § 326 and that trustee fees should only be reduced below the maximum allowance if there is excessive delay in administration of the estate or the service provided by a trustee is otherwise dilatory or substandard.

11 U.S.C. § 326(a) and 11 U.S.C. § 330 control the determination of the amount of compensation to be awarded trustees appointed in a case under Chapter 7 or Chapter 11. 11 U.S.C. § 326(a) provides:

§ 326. *Limitation on compensation of trustee.*

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

*Id.*

Section 330(a)(1) provides:

§ 330. *Compensation of officers.*

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, an examiner, a professional

person employed under section 327 or 1103–

(A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, professional person, or attorney and by any paraprofessional person employed by any such person; and

(B) reimbursement for actual, necessary expenses.

*Id.*

■ Thus, § 326 sets forth the maximum compensation that may be awarded to a trustee subject to the "reasonable compensation" limitations of § 330. The language of § 326 is permissive rather than mandatory in that it fixes the maximum compensation of a trustee, and it is not to be construed as an entitlement to the maximum fee specified. *In re Marvel Entertainment Group, Inc.*, 234 B.R. 21 (D.De.1999); *In re Swansea Consolidated Resources, Inc.*, 155 B.R. 28, 32 (Bankr. D.R.I.1993); *In re Draina*, 191 B.R. 646 (Bankr.D.Md.1995); *In re McNar, Inc.*, 120 B.R. 149 (Bankr.S.D.Cal.1990). The Court must determine a reasonable compensation within the limits of § 326. *Id.*

The Trustee directs our attention to the case of *In re Guyana Development Corp.*, 201 B.R. 462 (Bankr.S.D.Tx.1996). The *Guyana* court also recognized that § 326 "sets out the maximum compensation available to a trustee, not an entitlement to the percentages there listed." *Id.* at 474–75. In *Guyana*, the court awarded the trustee the maximum percentage fee of $2,398,348.63 over the objection of a creditor based on the complex circumstances of the case. The *Guyana* case was extremely difficult involving allegations of domestic tax fraud, international money laundering, criminal activity, sophisticated false manipulation of accounting and vast, international enterprise.

The *Guyana* court further distinguished the case from one "where a trustee is engaged in simple collection and disburse-ment" and noted that in such a case, the maximum fee may not be appropriate. *Id.* at 481.

■ "[I]t is erroneous as a matter of law to factor in § 326(a)'s cap on trustee compensation in determining what is a reasonable compensation for the trustee's services." *In re Lan Associates XI, L.P.*, 237 B.R. 49 (D.N.J.1998). The criteria for determining the amount of reasonable compensation for the Trustee's services in this case is set forth in § 330(a)(3):

(3) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including-

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and

(E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

The case before the Court did not pose novel and difficult questions, did not require highly experienced skills, and did not preclude other employment. All of the work completed to arrive at settlement of the personal injury action was performed by Special Counsel.

The Trustee's services were necessary and beneficial. The Trustee learned of the asset at the § 341 meeting and took appropriate measures to preserve its value for

the estate. The Trustee's duties were timely and efficiently performed.

"While a trustee's standard rate per hour as an attorney is not necessarily the measure that should be applied in all cases to determine the value of a trustee's services as trustee, it is one fact which indicates what the time of a trustee may be worth when he is employed upon tasks which would require commensurate skill with that which he would be required to employ as an attorney." *In re Draina,* 191 B.R. at 649. *See also In re Marvel Entertainment Group,* 234 B.R. at 24. Here, such a calculation would yield a fee of $1,399.50 (5.1 × $240 = $1,224.00 + 3.9 × $45.00 = $175.50). We do not espouse a view that trustee compensation is strictly limited to a lodestar analysis and upon consideration of the nature and extent of the work done by the Trustee, the discovery and preservation of the asset for the estate, we will allow trustee compensation in the amount of $3,861.50.