In re Andrew C. DREW and Katherine
M. Drew, Debtor.

No. 94–20907.

United States Bankruptcy Court,
D. Wyoming.

Aug. 3, 2001.

Thomas E. Campbell, Douglas, WY, Stephen R. Winship, Casper, WY, for Debtors.

Randy L. Royal, Greybull, WY, trustee.

### ORDER ON OBJECTIONS TO THE FINAL REPORT, APPLICATION FOR ALLOWANCE OF TRUSTEE'S FEE AND APPLICATION FOR ATTORNEY FEES

PETER J. MCNIFF, Bankruptcy Judge.

This case is once again before the court, treading familiar ground. Raising arguments similar to those previously addressed by the court, the debtors object to Randy Royal's Trustee's Final Report, his application for trustee compensation and reimbursement of expenses, and Randy Royal's application for an allowance of attorney fees. Following a hearing held May 3, 2001, the court makes the following findings and conclusions.

## BACKGROUND

A chronology from the court's perspective is helpful. This case was closed as a no asset case on October 18, 1995. Before the case was closed, but after they were discharged, the debtors initiated a state court lawsuit on a personal injury claim which was an undisclosed asset of the bankruptcy estate. Approximately two and one-half years later, the lawsuit was disclosed to the United States Trustee. In connection with a motion to reopen the case to administer the asset, the court was advised that the state court judge intended to dismiss the lawsuit because the debtors did not have standing to proceed with the claim. The dismissal would have been fatal to the claim because a new case was time-barred. The court reopened the case on March 28, 1998, and Randy Royal was appointed the chapter 7 trustee.

The estate was without funds to hire counsel, and counsel for the debtors refused to represent the estate. As trustee, Mr. Royal negotiated a settlement offer of $25,000 from the defendants who had previously refused to consider any negotiated resolution. Because the settlement appeared insufficient to provide a return to the debtors, the debtors opposed the settlement. The court did not approve the settlement because of improper provisions the defendants were requiring as a condition of settlement.

Next, on agreement of the parties, the court approved a mediation conference in the federal court system even though the matter was pending in state court. The debtors, asserting a large exemption in any personal injury proceeds, remained involved in the action, and the settlement conference gave the debtors the opportunity to negotiate resolution of the claim without incurring the costs of a mediator.

The trustee did not attend the settlement conference, but the debtors were successful in settling the personal injury action for $40,000. Although the debtors make much of the trustee's nonattendance at the mediation, they have not shown how that failure was detrimental to them or the estate. Regardless, without the trustee's initial involvement, there would be no settlement proceeds for the debtors or the estate.

Few creditors filed claims despite two notices, and consequently, Mr. Royal filed claims on behalf of the scheduled, unsecured creditors. The debtors objected, raising many bases upon which the claims should be disallowed. Following an adverse ruling in this court, the debtors appealed to the Bankruptcy Appellate Panel.

When the debtors appealed, the trustee requested the court approve the retention of himself as attorney for the estate to defend the appeal. The court approved the application on an *ex parte* basis. The trustee had appeared in all other proceedings *pro se.*

Ultimately, the Bankruptcy Appellate Panel reversed this court's decision. The claims filed by the trustee were disallowed based upon the application of § 726(a)(3), not on grounds argued by the debtors in this court or on appeal.

Throughout this case, the debtors have repeated their arguments that litigation was inevitable over their claimed exemptions, that the trustee has a fiduciary duty to the debtors which he failed to honor, and that the trustee's actions were only taken to enhance his commission. The exemption argument came to naught when the trustee paid the debtors' exemption proceeds without objection. The other issues have been addressed and rejected by the Bankruptcy Appellate Panel and by this court.

After the trustee filed his final report, one of the claimants scheduled for distribution, H. Rick Hollon, withdrew his proof of claim. The basis of the withdrawal is not stated, but appears to have been procured by the debtors. The debtors' efforts to minimize the trustee's fee in this case have been ongoing.

## DISCUSSION

### Trustee's Final Report

The debtors object to the final report because the trustee proposes to pay a claim which was withdrawn (after the final report was filed), and because the report does not state the interest rate to be paid on claims entitled to interest under § 726(a)(5). The trustee concedes the final report must be amended in order to delete payment to Mr. Hollon. Expenses incurred in amending the claim are permissible.

■ *Interest:* To the extent an estate is solvent, the holder of an allowed unsecured claim is entitled to interest from the date of the petition filing to the date of distribution. 11 U.S.C. § 726(a)(5). The trustee did not specify the rate at which interest was calculated.

The legal rate of interest under § 726(a)(5) is the federal judgment interest rate established by 28 U.S.C. § 1961(a) & (b). *In re Beguelin,* 220 B.R. 94, 101 (9th Cir. BAP 1998). On March 13, 2000, the date the final report was filed, the U.S.

Treasury Constant Maturities one-year rate was 4.46%. The rate changes monthly.

The interest applied to the claims in the trustee's final report appears to approximate that rate. In the amended report, the trustee should calculate the interest in accordance with the § 1961 rate.

### Trustee's Application for Compensation and Reimbursement of Expenses

The debtors object that: the trustee is not entitled to the maximum statutory compensation of § 326(a); the trustee is not entitled to a statutory fee on his own compensation; and reimbursement for certain mailing and noticing expenses should be disallowed. They contend the maximum compensation is improper because the trustee appeared in court on behalf of a creditor's claim and allegedly breached his fiduciary duty to the debtors by filing claims for creditors. The debtors also contend the trustee did not expeditiously close the case and failed to provide time records to support his requested compensation.

■ *Breach of fiduciary duty:* As noted, the breach of fiduciary duty allegations and the issues surrounding the trustee's efforts to ensure payment to creditors have been previously rejected by this court and the Bankruptcy Appellate Panel in another context. A chapter 7 trustee's primary responsibility is to administer the estate on behalf of the creditors in a legally responsible manner. *In re Vogt,* 250 B.R. 250, 259 (Bankr.M.D.La.2000). The trustee's conduct in this case was not improper and is not grounds for disallowance or reduction of the trustee's percentage fee.

■ *Expeditious case administration:* The court disagrees with the debtors' perspective. A review of the pleadings filed by the debtors in this case, including this objection, will show even the most casual reader that the debtors bear considerable responsibility for any failure to expeditiously close this case. The conflicts arose because the trustee was intent on paying the creditors and the debtors were intent on avoiding the same.

The court does not find the trustee's efforts unwarranted or unreasonable. From the time the debtors were discharged they frustrated administration of this case in an effort to benefit themselves at the expense of the creditors. The trustee was not at fault for refusing to capitulate to the debtors' demands. The case was not unduly delayed by the trustee, and the compensation will not be reduced on that basis.

■ *Time records:* Next, the debtors request the court disallow the trustee's compensation because the trustee did not submit an itemization of his time. They also contend the trustee should not include his own compensation as part of funds disbursed for purposes of calculating his fee under § 326(a).

■ A trustee's compensation is limited by § 326(a), which sets a maximum limitation calculated "upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor[.]" Most courts hold that the maximum fee is subject to the "reasonable compensation" limit determination under § 330 and is not an entitlement to the maximum fee. *In re Biskup,* 236 B.R. 332, 336 (Bankr.W.D.Pa. 1999).

■ Particularly when fees are substantial, a court will require detailed time itemization records to be filed. *In re Columbia Plastics, Inc.,* 251 B.R. 580, 584 (Bankr.W.D.Wash.2000). At least one court has ruled that detailed time records are required in cases where the value of the estate exceeds $50,000.00. *In re Moon,* 258 B.R. 828, 836 (Bankr.N.D.Fla. 2001).

The United States Trustee, who supervises the chapter 7 trustee panel on which Mr. Royal serves, requires a trustee to maintain an itemization of time expended in cases where the trustee's compensation will exceed $5,000.00. Although the retrospective difficulty in adhering to that policy is clear, in this case the trustee did not violate the policy.

In this case, the maximum percentage fee is calculated as $1,843.38. A common sense review of this case and the maximum fee requested shows the fee is not excessive. This case involved many hours of trustee time, travel to and participation in a hearing in Casper, Wyoming, and litigation. There are no factors in evidence which warrant a reduction in the fee. Therefore, the maximum trustee fee will be allowed.

■ *Expenses:* The debtors also object to the trustee's application for reimbursement of expenses, specifically the costs of copies, postage and noticing certain proofs of claim. The trustee filed proofs of claim which were disallowed due to the restrictions of 11 U.S.C. § 726(a)(3), rather than on substantive grounds. The debtors contend that all expenses associated with those claims should be disallowed. The debtors did not address the precise amount of expenses which they find objectionable, but they appear to the court to be approximately $150.00.

The court disagrees with the debtors. At the time the claims were filed and notice was given, the trustee had surplus funds on hand and believed distribution to the claimants could and should be made. The action was not taken in bad faith. Hindsight is not sufficient grounds to disallow the trustee reimbursement for out-of-pocket expenses incurred in the course of case administration. The expenses are reasonable and proper and should be paid.

## Attorney Fees

Last, the debtors object to the application for attorney fees filed by Mr. Royal in his capacity as attorney for the trustee. The debtors allege the trustee is not a disinterested person pursuant to § 327(a), and notice to all parties in interest should have been provided prior to the approval of his employment. Therefore, they conclude the employment was improper and fees must be disallowed.

Mr. Royal seeks fees in the amount of $2,389.50 all of which were incurred in defense of the debtors' appeal of this court's order allowing the trustee-filed unsecured claims. The fees represent 17.70 hours of services at the hourly rate of $135.00.

■ *Notice:* While true that the court approved Mr. Royal's employment on an *ex parte* basis, the debtors were obviously aware of the employment during the appeal and did not object. Further, notice to all parties in interest is not required by Fed. R. Bankr.P.2014. No prejudice to the debtors is evident or stated, and therefore, the court concludes the notice was sufficient under the circumstances.

■ *Alleged conflict of interest:* Under § 327(a), the trustee may, with the court's approval, employ an attorney that does not hold an interest adverse to the estate and that is disinterested. A disinterested person includes a "person that does not have an interest materially adverse to the interest of the estate ... or for any other reason." 11 U.S.C. § 101(14). A person's representation of a creditor is not disqualifying unless there is an actual conflict of interest. 11 U.S.C. § 327(c). An actual conflict of interest exists when there is "an active competition between two competing interests, in which one interest can only be served at the expense of the other." *In re Adam Furni-*

*ture Industries, Inc.,* 158 B.R. 291, 301 (Bankr.S.D.Ga.1993).

In this case, Mr. Royal's interest was aligned with the estate, not adverse. His objective was to disburse funds to the creditors. Of course disbursement to creditors enhances the trustee's fee as Congress intended, but that in itself is not the representation of an adverse interest. The debtors' argument is without merit.

Under the circumstances, the employment of counsel to defend the appeal was warranted and necessary. The trustee's position was not frivolous, and the appeal was decided on grounds not even raised by the debtors. No conflict of interest is demonstrated and Mr. Royal's employment was proper.

■ *Fees Requested:* Attorney fees requested must be for services which were necessary and beneficial to the bankruptcy estate. *In re Lederman Enterprises, Inc.,* 997 F.2d 1321, 1323 (10th Cir.1993). The court believes defense of this court's order was beneficial regardless of the success or failure in the appeal. In this case, the trustee's practice of filing claims for creditors was followed by all trustees in this district.

The debtors apparently measure benefit to the estate by the success or failure of the position taken. Of course were that the standard, many attorneys in bankruptcy cases would be unfairly deprived of earned fees. The services performed in this case were necessary, the fees sought are reasonable, and the time spent on each entry is not excessive. The attorney fees will be approved.

Based on the foregoing, IT IS ORDERED:

1. The trustee's final report is approved and the objections are overruled, subject to amendment as necessary;

2. The objection to the trustee's request for the maximum percentage fee and objection to the claim for reimbursement is overruled, subject to recalculation of the percentage fee in accordance with an amended final report; and

3. The application for attorney fees filed by Randy Royal in the amount of $2,389.50 is allowed.