**In re Christopher A. BUTTS
Lori A. Butts, Debtors.**

**No. 01–11860–B.**

United States Bankruptcy Court,
W.D. New York.

July 19, 2002.

David J. Chrispell, Jamestown, New York, for debtors.

Thomas A. Dorey, Lakewood, New York, for trustee.

CARL L. BUCKI, Bankruptcy Judge.

In this chapter 7 case, the debtors challenge the reasonableness of the trustee's request for an allowance of commissions. At issue is whether the trustee should receive the maximum commissions on sums disbursed to special counsel for services rendered in prosecuting a personal injury claim, even when the trustee will return a significant portion of the recovery to the debtors.

When Christopher and Lori Butts filed their bankruptcy petition on March 30, 2001, they duly scheduled an interest in a claim for damages resulting from medical malpractice. Soon after the initial meeting of creditors, the trustee moved to retain, as special counsel, the attorneys who had been handling the malpractice claim on the debtors' behalf. Several months later, the trustee and the debtors tentatively accepted a proposal for settlement, which became final upon approval by this Court after full notice to all creditors. The exact terms of settlement are confidential, but its amount is significantly greater than the sum of all claims in this case. With respect to special counsel, as contemplated by the pre-petition agreement of retainer and the order of employment, this Court has previously authorized the payment of legal fees in accordance with the guidelines of New York Judiciary Law § 474–a.

The trustee has now filed a Final Report and Account. In it, he claims a commission on all disbursements, other than funds that are returned to the debtors. Out of the personal injury award, the trustee has already paid the legal fees of special counsel. As these were not a disbursement to the debtors themselves, the trustee includes in his proposed commission a percentage of the entire award of legal fees to special counsel, including fees attributable to that portion of the recovery that the trustee will return to the debtors. Altogether, the proposed commissions total $15,968.36, and are in addition to the trustee's further request to pay $951.89 to himself for services rendered and disbursements incurred as counsel for the trustee. In response, the United States Trustee filed a statement of no opposition, and did not appear at the hearing on compensation.[1] The debtors, however, have vigorously objected, both orally and in writing.

Mr. and Mrs. Butts argue that their bankruptcy was a simple proceeding with few creditors, that the case's administra-

---

1. The court cannot discern whether the United States Trustee advocates any standard for review of commissions that otherwise satisfy the limitations of 11 U.S.C. § 326(a). Due to the limited response from the United States Trustee, the court was regrettably unable to confirm the scope of judgment that that office may exercise with respect to commissions, during the course of its independent supervision of case trustees.

tion did not entail any special or unusual problems, and that the proposed commissions would excessively compensate the trustee for the services that he actually performed. The debtors note that the proposed commissions exceed one-third of the allowed unsecured claims, which total less than $48,000. Of the proposed commission, more than $9,000 represents five percent of the moneys disbursed to special counsel for legal fees. As to this portion of the commission, the debtors argue that the trustee performed no services other than the issuance of checks. Finally, the debtors contend that the trustee's legal services reflect rates that are excessive for the community in which they live.

The trustee responds that he has duly performed all of the services of a trustee, and that he completed those services on an expedited basis, out of deference to the medical condition of Mrs. Butts. Calculated as a percentage of disbursements according to the formula in section 326(a) of the Bankruptcy Code, the proposed compensation is the maximum amount allowed by statute. The trustee argues that such a computation is fully reasonable, in that it recognizes the contingent nature of any case administration and provides an incentive to secure the best possible outcome in a case. Noting that he will return a large surplus to the debtors, the trustee asserts the reasonableness of both his commissions and attorney's fees.

The trustee proposes a rigid application of the formula found in the following text of section 326(a) of the Bankruptcy Code:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

Under this standard, the proposed commission is a mathematically accurate calculation of the maximum allowance. In suggesting that the formula of section 326(a) should control, however, the trustee starts his argument at the wrong place. The computation in this section is a limitation on compensation, not a mandate for minimum commissions. The section states that the court may allow only "reasonable compensation under section 330." Thus, the cap of section 326(a) is implicated only when the compensation is reasonable, and reasonableness is a determination that must begin with 11 U.S.C. § 330.

Subdivision (a)(1)(A) of section 330 states the general standard, that the court may award to a trustee "reasonable compensation for actual, necessary services rendered by the trustee." More specific is the guidance of subdivision (a)(3)(A), that in determining the amount of reasonable compensation,

the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue,

or task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Further, subdivision (a)(4)(A) admonishes that except for certain distributions from filing fees, the court shall not allow compensation for unnecessary duplication of services or for "services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case."

For attorneys who are employed under 11 U.S.C. § 327, the court will generally allow compensation only for those legal services that are fully documented through a record of time expended. In contrast, we have never required trustees to submit a similar accounting of time devoted to services as a trustee, even though such information is always welcome. Accordingly, in the common circumstance where a trustee has also been appointed to serve as general counsel, the trustee must precisely describe the legal services for which he or she seeks compensation, but is not necessarily obliged to submit similar information regarding time devoted to those nonlegal services for which the trustee earns a commission. Where the trustee chooses not to itemize the time devoted to work as a trustee, the court can only discern the magnitude of his or her efforts from the nature and character of the case. Such is the situation in the present instance.

█ The court has reviewed the requested allowances for the fees and disbursements of the trustee's general counsel, and finds them to be reasonable. Accordingly, they are approved in the amount of $951.89. With respect to compensation for the trustee, however, the maximum commissions under section 326(a) are excessive and fail to satisfy the standard of reasonableness under

section 330. This was not a complicated estate. The trustee appears not to have performed any extraordinary service in connection with the prosecution of the personal injury claim. Rather, he merely allowed the debtors' existing counsel to handle the matter to its successful completion. Because the settlement produced a large surplus, the trustee had no need to evaluate its adequacy from the perspective of creditors. Nor did the trustee need to exercise any special diligence on behalf of the debtors, who supported the settlement and were ably represented throughout these proceedings. With fewer than twenty creditors, the case presented no complex disputes regarding claims. While the trustee may have performed his services with diligence and dispatch, he simply did not have a significant amount of services to perform. The proposed commissions of $15,968.36 are far in excess of the value of any services that the trustee could reasonably have performed on behalf of the estate. In particular, the distribution of monies to special counsel involved minimal activity, and could not in this case justify a commission of five percent of that entire distribution. What, however, should be the appropriate level of compensation?

In cases under chapter 7, this court has generally assumed the reasonableness of any trustee commission that does not exceed the limits of section 326(a). Only a small percentage of estates have sufficient assets to warrant administration, and most of these cases are small. To require the submission of time records for trustee services would impose a further burden that might weigh negatively on a trustee's determination of the financial feasibility of administration. The imposition of an additional reporting obligation would likely raise the threshold of value below which

the trustee will deem an estate too small to justify his or her attention. Due to the contingent nature of most trustee administrations, a calculation of commissions as a percentage of disbursements is generally reasonable. Although this methodology may result in a greater hourly return to the trustee in certain cases than in others, the overall compensation is usually fair. Outweighing any slight disparity of result are the benefits that derive from the convenience of a generally uniform approach. Nonetheless, we may not overlook the mandate of reasonableness in 11 U.S.C. § 330. While this court has typically allowed the maximum compensation under section 326(a), that practice is with exceptions. In all instances, the court reserves an option to reduce the request of any trustee for compensation that is unreasonable.

■ Section 330(a)(3) directs that in determining the compensation of a trustee, "the court shall consider the nature, the extent, and the value of such services." Thus, the allowance of commissions is to be determined by considerations that are specific to a particular estate. It follows that a fair rate of compensation is not necessarily the same in every case. Furthermore, the very nature of trustee work requires commitments of time that are difficult to memorialize. The goal is not to guarantee rates of compensation that are identical or even consistent, but to assure commissions that are reasonable in all instances.

■ For trustees, the more common experience is not that commissions are arguably excessive, but that they are often inadequate. Unusual, therefore, are the circumstances in which the court will allow less than the maximum commissions under section 326(a). Occasionally, however, such commissions may be grossly disproportionate to the services that the trustee

has rendered. This possibility is particularly at risk in instances such as those here present, where a personal injury settlement creates a large surplus. In these situations, the danger of an excessive commission derives from calculations that allow a percentage of the entire distribution to special counsel. For example, in the present instance, a large malpractice recovery has funded both the full payment of creditors and a return of moneys to the debtors. Correspondingly, the fees of special counsel are allocable in part to the creation of a fund for creditors, and in part to the creation of a surplus. As to the former, the estate has clearly benefitted, but as to the latter, the allocated value of services by special counsel may inure largely to the benefit of the debtors. Section 330(a)(4)(A)(ii) states that the court shall not allow compensation for "services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." The services of special counsel are chargeable to the entire recovery, and accordingly, have been properly paid from the combined settlement. In contrast, the services of the trustee have benefitted the estate only to the extent of distributions to prepetition creditors and for related administrative expenses. To justify a commission on disbursements allocable to surplus, the trustee should be able to demonstrate that his or her efforts to collect surplus funds were material and necessary to effect a recovery for the benefit of creditors. For example, where a trustee personally assists special counsel in preparing for the trial of a tort claim, the trustee may be able to justify a commission on all legal fees and other disbursements related to the litigation.

■ In setting commissions for an estate where a tort recovery results in a surplus, the controlling question is wheth-

er the disbursements allocable to recovery of the surplus were beneficial to the estate, and therefore properly included in the calculation of a commission. In reaching this determination, a useful starting point is a calculation of the commissions that would be allowable for the administration of a settlement that is exactly sufficient to effect a full distribution on account of all claims, including administrative expenses. We might then ask whether any additional disbursements were necessary to the administration of the case, and if so, whether the facts justify a maximum commission on those additional disbursements.

With the exception of allowances for the fees of special counsel and for trustee commissions, the allowed claims include only prepetition claims totaling $47,879.46; fees and disbursements of general counsel in the amount of $951.89; litigation disbursements of $2,559; and miscellaneous disbursements of the trustee in the amount of $20.35. The only assets of the bankruptcy estate are the proceeds of the malpractice litigation. The court has calculated that to effect a full repayment of all allowed claims but without creating a surplus, a settlement of the litigation would need to generate $82,912.26.[2] This would permit the payment of $24,105.98 to special counsel (for fees calculated as 30 percent of the settlement) and a trustee commission of $7,395.61 (calculated as the maximum allowed for distributions of $82,912.26).

In the present instance, the trustee could not isolate a settlement of the estate's interest from a global settlement of the personal injury claim. To properly administer this case, therefore, the trustee needed to participate to at least some degree in the settlement negotiations. That participation, however, was minimal. Never was it seriously in doubt that the tort claim would result in a recovery that far exceeded outstanding debts. As a consequence, Christopher and Lori Butts were the real parties in interest with respect to the determination of the extent to which the ultimate recovery would exceed the claims of creditors. For this reason, both in trial preparation and throughout the negotiation process, special counsel conferred primarily with Mr. and Mrs. Butts. Their counseled support of the settlement made for an easy evaluation by the trustee. So long as all creditors were fully paid, the trustee would have no need to devote significant time to a review of any offers of settlement. While the debtors probably overstate their argument when they assert that the trustee's participation involved only the writing of two checks, the trustee has been unable to identify any extraordinary contributions to the settlement process.

---

2. This figure was obtained by using the formula $X = TUS + AAC + SCE + SCF + TC$, where X is the amount of the hypothetical settlement needed to fund distribution of all claims; TUS is the total of unsecured claims, including priority claims other than administrative expenses; AAC is allowed administrative claims, including the claims of the trustee's general counsel but excluding the expenses and fees of special counsel and trustee commissions; SCE is special counsel's expenses, i.e., disbursements; SCF is special counsel's fees obtained by using the formula 30X — SCE) [typically, special counsel's expenses are reimbursed from the recovery before calculating the fees of special counsel; the applicable percentage rate is based upon the amount of recovery and will vary according to N.Y. Judiciary Law § 474-a, sub.2]; and TC is the Trustee's commission determined by using the formula $5750 + 5X — $50,000) [this formula applies to estates greater than $50,000 but less than $1,000,000, and incorporates a commission of $5750 on for the first $50,000 of distributions, as well as a commission of 5% on distributions in excess of $50,000].

This court finds that the trustee should be allowed the full commission of $7,395.61, on the distributions that would have been necessary to effect a full repayment of all creditors, but only a partial commission on the remainder of the distributions. Based upon a careful review of the trustee's Final Report and all other papers and motions filed in this case, and after consideration of the oral explanations and argument presented at the hearing on allowances, the court believes that a commission of approximately $800 would constitute a reasonable compensation on distributions in excess of those needed to pay creditors in full. Accordingly, the court will allow commissions in the total amount of $8,200, and will deny any request for commissions in excess of that amount.

So ordered.